### WM. D. CLEVELAND & SONS v. GEO. W. SMITH ET AL.

#### No. 1962. Decided June 2, 1909.

**1.—Jury Trial—Demand for.**

Where plaintiff, on the first day of the term, demanded a jury and tendered the fee therefor, it was error to refuse him a jury trial, though he had not demanded one at the previous term, and the case, with other nonjury cases, had then been set for trial on the first week of the next term, for which week no jury was summoned. (P. 492.)

**2.—Same—Error not Harmless.**

The error in refusing plaintiff a jury trial could not be held harmless though the evidence submitted on trial before the court be held to justify a peremptory instruction against the party complaining of such refusal. (P. 492.)

Error to the Court of Civil Appeals for the First District, in an appeal from Jasper County.

Cleveland & Sons sued Smith and others in trespass to try title. On trial before the court, judgment was for defendants. Plaintiffs appealed, and on affirmance obtained writ of error.

The case, filed in 1905, stood at the term preceding trial upon the nonjury docket, which, by order of the court, was set for trial on the first week of the succeeding term, for which week no jury was summoned. On the first day of that term, June 10, 1907, and at the first call of the nonjury docket, plaintiff demanded a jury and tendered the fee. The demand was refused and the case proceeded to trial before the court, plaintiff introducing his evidence. The Appellate Court held that plaintiff was entitled to a jury, but that the refusal was harmless because, upon the evidence, the defendants would have been entitled to a peremptory instruction in their favor. So much of the opinion of the Court of Civil Appeals as relates to this ruling is here given, viz.:

PLEASANTS, CHIEF JUSTICE.—"We are of opinion, however, that this error of the trial court does not require nor authorize a reversal of the judgment, because the undisputed evidence adduced upon the trial would have required a verdict in favor of the appellees, and if a jury had been impaneled to try the case it should have been instructed to find for the defendants. Such being the state of the evidence, no injury resulted to appellant from the refusal of the court to comply with its demand for a jury, and the error in refusing such demand was harmless.

ON MOTION FOR REHEARING.

"In holding, in the main opinion in this case, that the error of the trial court in refusing appellant's request for a jury does not require a reversal of the judgment, because, had there been a trial by jury, no other verdict than one in favor of the appellees could have been properly rendered under the undisputed evidence adduced on the trial, we do not intend to announce the rule that a party who has been wrongfully deprived of his right to a jury trial is required to submit his cause to the court. It may be that the party thus denied a trial by jury can stand upon his rights and decline to offer any evidence or to recognize the right of the court to proceed with the trial, and in such case would be entitled to have any judgment which might be rendered against him reversed because of the refusal of the court to grant his request for a jury; but this record does not present a case of this kind. The judgment recites that after the refusal of the court to grant appellant's request for a jury the parties by their attorneys submitted 'the matters in controversy, as well of fact as of law, to the court, and the evidence and argument of counsel having been heard and fully understood it is considered by the court,' etc. There is nothing in the record to negative the presumption that the facts of the case were fully developed. The appellant having submited its entire case to the court, and taken its chances on a favorable judgment, is not in the position to claim a reversal of the judgment because of the error of the court in refusing its request for a jury, when the case made by the undisputed evidence is one in which no other verdict than one in favor of appellees could have been rendered.

*H. C. Howell,* for plaintiffs in error.—Where a party to a civil suit in the District Court, not an appearance case, desires to have the same tried before a jury, and makes application therefor in open court on the first day of the term of the court at which the suit is to be tried, and tenders the lawful fee therefor, he is entitled to a jury for the trial of such cause, and the refusal thereof is fundamental error. Constitution, art. 1, sec. 15, art. 5, sec. 10; Revised Statutes, arts. 3187-3189-3192-3194; Allen v. Plummer, 71 Texas, 546.

The Court of Civil Appeals erred in holding, in effect, and as a matter of law, that had there been a jury impaneled in this cause, it would have been the duty of the court to instruct the jury to return a verdict against your petitioner and in favor of the appellees. Lee v. Railway Co., 89 Texas, 589; Wallace v. Cotton Oil Co., 91 Texas, 18; Railway Co. v. Harris, 22 Texas Civ. App., 17; Mitchell v. McLaren, 51 S. W., 269; Mustian v. Stokes, 90 Texas, 362.

*W. W. Blake,* for defendants in error.—Litigants are charged with knowledge of the standing orders of the courts and can not complain of refusal of jury trial where by consent the case is set down for trial at the former term to be tried during a nonjury week, and a change of the order of trial would operate to the prejudice of the opposite party, and perhaps a continuance of the case. Constitution,

art. 5, sec. 10; Rev. Stat., arts. 1288, 1289, 1290, 3188; Cole v. Terrell, 71 Texas, 553; Cabell v. Hamilton-Brown Shoe Co., 81 Texas, 107; Wood v. Kieschbaum, 31 S. W., 326; Denton Lumber Co. v. First National Bank, 18 S. W., 962; Western Union Telegraph Co. v. Thompson, 18 Texas Civ. App., 279; Petri v. Lincoln National Bank, 84 Texas, 155.

MR. JUSTICE WILLIAMS delivered the opinion of the court.

The Court of Civil Appeals properly held that the trial court committed error in denying to plaintiffs in error a trial by jury upon their proper demand. The point is sufficiently discussed in the opinion of Chief Justice Pleasants. Having held thus, the Court of Civil Appeals refused to reverse the judgment of the trial judge rendered upon a hearing without a jury, because it was thought no injury was done, inasmuch as the court would have been justified upon the evidence in instructing a verdict against the plaintiffs in error if a jury had been allowed. We think this is not a sufficient answer to the complaint. There were questions of fact in the case upon which plaintiffs in error were entitled by both the Constitution and the statute to have a jury pass. The trial court in order to render the judgment had to find facts which it was the right of the plaintiffs in error to have only a jury find; and such findings can not support a judgment thus erroneously rendered. The following authorities are in point: American Mtg. Co. v. Hutchinson, 19 Ore., 334; In re Robinson, 106 Cal., 493; Hinchly v. Machine, 15 N. J. Law, 476; Swasey v. Adair, 88 Cal., 179; Chasteen v. Martin, 81 N. C., 51.

Whether or not the trial court might properly have instructed a verdict had the case been tried before a jury with evidence the same as that adduced before him, may admit of grave doubt; but however that may be, it can not be assumed for the purpose of avoiding the effect of the denial of the right to a jury that, had it been allowed, the evidence would have been the same in all respects as that before the judge. We think it clear that if such an error can ever be cured by such a reason, it would only be when it is clear beyond peradventure that there were no facts to be found from evidence.

*Reversed and remanded.*