GIBSON v. SINGER SEWING MACH. CO.

(Court of Civil Appeals of Texas. San Antonio. May 1, 1912. Rehearing Denied May 15, 1912. On Motion to Certify, May 29, 1912.)

1. JUSTICES OF THE PEACE (§ 146*)—APPEAL —FINALITY OF JUDGMENT.

Where plaintiff sued for $150, and defendant claimed an item of $19, any omission in the verdict, because for plaintiff for "full amount," without any mention of the $19, was cured by plaintiff's remittitur of $20, so that the judgment for plaintiff for $130, rendered in justice court and appealed by defendant to the county court, was not open to the objection of not being final, because making no disposition of the $19 item.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 490–492; Dec. Dig. § 146.*]

2. JURY (§ 25*)—RIGHT TO JURY TRIAL—DEMAND—"OPEN COURT."

Written application filed with the clerk, and not brought to the court's attention, is not made in "open court," within Rev. St. 1895, art. 3188, providing that no jury trial shall be had, unless application therefor be made in open court.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 154–173; Dec. Dig. § 25.*

For other definitions, see Words and Phrases, vol. 6, p. 4986; vol. 8, p. 7738.]

3. JURY (§ 25*) — RIGHT TO JURY TRIAL — TIME OF DEMAND.

Application in open court for jury trial, without which Rev. St. 1895, art. 3188, provides there shall be no jury trial, was properly denied, where not made till the case was called for trial, subsequent to the first day of the court, and the other party was ready for trial, with its witnesses in court; and a postponement of three weeks would be necessary for a jury trial.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 154–173; Dec. Dig. § 25.*]

On Motion to Certify.

4. JURY (§ 25*)—RIGHT TO JURY TRIAL—DEMAND ACCORDING TO STATUTE.

The law as to how a jury shall be demanded in order to entitle a party to jury trial should be strictly enforced, where, even admitting his witnesses would testify as he states, a directed verdict for the other party would be justified.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 154–173; Dec. Dig. § 25.*]

5. APPEAL AND ERROR (§ 173*)—WAIVER OF OBJECTION.

Rev. St. 1895, art. 754, providing that, if plaintiff's demand be for unliquidated damages founded on a tort, defendant shall not be permitted to set off a debt, even if having application to the setting up of a debt as a justification of the act claimed to be a tort, and not as an offset, requires objection in the trial court to the consideration of the matter set up by defendant.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1079–1120; Dec. Dig. § 173.*]

Appeal from Bexar County Court; Geo. W. Huntress, Judge.

Action by W. H. Gibson against the Singer Sewing Machine Company. On appeal from a judgment of a justice for plaintiff, there was judgment for defendant, and plaintiff appeals. Affirmed.

See, also, 145 S. W. 633.

Burnett & Storms, of San Antonio, for appellant. W. P. Lobban, of San Antonio, for appellee.

FLY, J. This suit originated in the justice's court, where appellant sued appellee for $150 damages, alleged to have arisen from the conversion of a certain sewing machine. Appellee answered that it had sold the machine to appellant on time, under a contract that it should have the authority, in case of default in a monthly payment, to take possession of the machine and sell the same; that default had been made; that appellant owed $19 on the machine, and appellee had taken possession of it by virtue of the contract to hold until the payment of the balance due.

In the justice's court, the cause was tried by jury, and the following verdict was returned, "We, the jury, find for plaintiff for

full amount," and on that verdict the judgment was rendered. The cause was appealed to the county court by the appellee herein, and on a trial before the court it was adjudged that appellant take nothing by his suit, and that appellee recover of him the sum of $19, and a mortgage lien was foreclosed on the sewing machine.

[1] Appellant contends that the judgment in the justice's court was not final, because no disposition was made of the $19 item claimed by appellee. The verdict of the jury in favor of appellant was for the full amount sued for by him; but a remittitur of $20, which fully covered the amount claimed by appellee, was made by appellant, and the judgment was entered for only $130 in favor of appellant. That supplied any omission in the verdict. The judgment was a final one.

[2, 3] The third assignment of error complains of the refusal of the court to grant appellant a jury trial, claiming to have demanded the same, and to have paid the jury fee on November 6, 1911, the day on which the term of court began.

This suit was brought by appeal to the county court on June 1, 1911, and notice served on appellant on June 8th. On July 3, 1911, a term of the court began which ended on August 26th. A second term began on September 4 and ended on October 28, 1911; and the third term began on November 6th and ended December 30th. In an explanation appended to the bill of exceptions, the court states that the case was on the nonjury docket, and was set down for trial on November 7, 1911, the second day of the term; that appellant had not made a demand for a jury nor paid a jury fee until the morning of November 6, 1911; and that demand was not made in open court nor called to the attention of the court until the case was called for trial. In order to have a jury trial, a transfer of the cause to the jury docket would have been necessary, and a postponement for three weeks had. Appellee was in court with its witnesses and ready for trial.

In article 3188, it is provided that no jury trial shall be had in any civil suit, unless an application therefor be made in open court and a jury fee deposited, or an affidavit be made of inability to make such deposit. No such demand was ever made by appellant, unless it was done at the time the case was called for trial. The written application for a jury filed with the clerk, but not brought to the notice of the court, did not comply with the law. Appellant had permitted the case for two terms to remain on the nonjury docket; and it appears that the desire for a jury trial was prompted by the desire for a postponement of a cause in which an application for a continuance was overruled. As said in Cabell v. Shoe Company, 81 Tex. 104, 16 S. W. 811, courts are required to fix a day for taking up jury cases; clerks are required to keep a jury docket and thereon to place cases, under the order of the court, when the jury fee is paid; and whenever the failure to make the demand and payment is delayed, so as to materially affect the rights of the parties or interfere with the orderly dispatch of business of the court, a jury trial should be refused. To the same effect is Petri v. National Bank, 84 Tex. 153, 19 S. W. 379, and Nalle v. City of Austin, 41 Tex. Civ. App. 423, 93 S. W. 141.

In the case of Cleveland v. Smith, 102 Tex. 490, 119 S. W. 843, cited by appellant, demand had been made for a jury and the fee tendered on the first day of the term, and the party was clearly entitled to a jury. In this case, no demand was made in open court on the first day of the term. A demand filed, but not brought to the attention of the court, was not made in "open court." City Loan & Trust Co. v. Sterner, 57 Tex. Civ. App. 517, 124 S. W. 207.

The judgment is affirmed.

## On Motion to Certify.

The opinion of this court is not in conflict with any decision of any Court of Civil Appeals on the refusal to permit appellant to have a jury. No court has ever held that a demand for a jury in open court is not required by the statute. Appellant failed to comply with the plain demands of the statute, and no case can be found that holds that a party is entitled to a jury under such circumstances. The case of Petri v. Bank, 84 Tex. 153, 19 S. W. 379, is directly against such a contention. The case of Scott v. Rowland, 14 Tex. Civ. App. 370, 37 S. W. 380, has a different state of facts from this case, and has no bearing upon it. This cause was filed in the county court on June 1, 1911. A term of that court began on July 3 and ended August 26, 1911. Another term began September 4th, and ended October 28th, and the third term began on November 6, and ended December 30, 1911. No jury was ever demanded in open court until this case was called for trial on the nonjury docket. To have changed the cause to the jury docket would have postponed the trial for three weeks and possibly longer.

[4] The only grounds for damages alleged by appellant were that appellee had "unlawfully seized and possessed from his house, over plaintiff's protest, and during his absence, one Singer sewing machine belonging to plaintiff, and converted same to its own use; that plaintiff and his family suffered great humiliation and shame by reason of the defendant company's conduct upon date of seizure, to wit, on or about the 15th day of February, 1911, and has sustained damages by reason thereof in sum of $100." It was shown without contradiction that appellant owed $19 on the sewing machine, and that he had agreed that, if there was default in any payment, appellant should "have

the right and is hereby authorized and empowered to take possession of said goods and chattels with or without process of law, said mortgagor, hereby waiving any claim or action for trespass or damages on account of said taking." Appellee had the undoubted right to take possession of the machine, and, if appellee was guilty of any rudeness or insulting conduct in taking the machine, it is not so alleged. Under the allegations and the proof, the court would have been justified in instructing a jury, had there been one, to have returned a verdict for appellee. The allegations would not have justified the proof of any other facts than those in evidence, and the case is brought within the exception recognized in Cleveland v. Smith, 102 Tex. 490, 119 S. W. 843, in which it is said: "We think it clear that, if such an error can ever be cured by such a reason, it would only be when it is clear beyond peradventure that there were no facts to be found from evidence." Appellant had used no diligence whatever to obtain the presence of his wife at the trial or to take her deposition, and, although he stated that she and his children were sick, two witnesses testified that they were in excellent health. It was shown that the wife of appellant had testified on a former trial, and had not stated any of the facts that appellant said he expected to prove by her, but she had sworn to a totally different state of facts. There would have been no basis for damages even if Mrs. Gibson had sworn to all appellant said she would, and it would be unreasonable to hold that appellant could have been injured by failing to have a jury trial. Under such circumstances, the law as to demanding a jury trial should be strictly enforced.

[5] This court is not in conflict with any court on the question of setting off "a liquidated or contractual demand" against "unliquidated damages for tort or trespass." The decision in Santleben v. Froboese, 17 Tex. Civ. App. 626, 43 S. W. 571, is correct in the holding that the defendant could not offset a liquidated claim for damages growing out of a contract against the plaintiff's for unliquidated damages growing out of a tort, but a plaintiff might waive his right to raise such an issue, as was held by this court in Gillett v. Moody, 54 S. W. 35. In that case it was held: "The statute (article 754, Rev. St.) does not apply to a case where there is no objection by the parties or by the trial judge to the pleading of a liquidated demand in a suit upon a tort or vice versa. Such matters may be pleaded and tried in the same proceeding by consent. Defendant set up his claim in this suit, and no objection was made by plaintiff thereto upon the ground of the statute. Both matters being tried in the one proceeding, it was not error in rendering judgment to set off the one against the other." As in that case so in this, this question was not raised in the trial court, and it is too late to raise it here. In this case the claim of appellee was not pleaded as an offset to the demand of appellant, but the existence of the claim was set up to justify the seizure of the machine under the terms of the contract. It was a plea not in offset, but in avoidance of the claim of appellant that he had been damaged by the seizure and conversion of the machine. We doubt that article 754 has any application to this case.

The motions to certify are overruled.