## BASKIN v. BORDEN.
### No. 4100.

Court of Civil Appeals of Texas. Amarillo.
Nov. 29, 1933.

Rehearing Denied Jan. 15, 1934.

L. Baskin, of Hereford (Chas. H. Dean, of Dimmitt, of counsel), for appellant.

Carl Gilliland, of Hereford, for appellee.

MARTIN, Justice.

The only error assigned is in substance that appellant was denied his constitutional right of trial by jury.

Appellee filed suit in the district court of Deaf Smith county on a note and for fore-closure of a deed of trust lien, joining as defendants the appellant and others. Said court met on January 30, 1933. On January 27, 1933, appellant filed an interesting dissertation, denominated an answer. It consisted of nearly six pages, and its general tenor is illustrated by the following paragraph: "But the wise man must look beyond the letter of the law to its spirit, in these changing and perilous times. We must look to human rights first, with property rights as one of the most valued corollaries in America. We must give regard to social justice, not to the pound of flesh. We must do these things because no man or group of men can control the ground-swell of great, silent social forces."

Near the end of the fourth page is the following paragraph, claimed here to be a sufficient demand for a jury and a compliance with article 2124, R. S. 1925: "Never-the-less, the things mentioned and the complaints made herein contain enough merit for the consideration of the Court and for a jury to meditate upon, and in case this suit comes to trial defendant Baskin requests that it be by jury and for which a U. S. Money Order, No. 53297-175476, issued out of the Post Office at Hereford, Texas, payable to L. H. Foster, District Clerk, is attached hereto; said money order being for the sum of $5.00, which I believe is the amount required; should this not be enough, however, defendant stands ready and willing to post any additional amount required under the law."

Judgment by default was taken against appellant on January 31, 1933, such order reciting that "no jury being demanded by either party," etc. Appellant made no appearance and does not contend that he appeared and in open court demanded a jury, it being contended that the above paragraph of his alleged answer sufficiently complied with the statute, especially since the default judgment recited that the "court having heard the pleadings," etc. In the order overruling appellant's motion for new trial, the court specifically found: "That the defendant made no demand or request for a jury in open court to the Court as provided by the statutes of this State."

Article 2124, R. S. 1925, is as follows: "No jury trial shall be had in any civil suit, unless an application therefor be made in open court, and a jury fee of five dollars if in the district court, and three dollars if in the county court, be deposited by the applicant with the clerk to the use of the county."

We are of the opinion that a request for a jury, hidden away in a rambling statement filed with the clerk before court meets, fails altogether to comply with said article of the statute. Gibson v. Singer Sewing Machine Co. (Tex. Civ. App.) 147 S. W. 285; Cabell v. Hamilton-Brown Shoe Co., 81 Tex.

104, 16 S. W. 811. We cannot presume here that the trial court read or saw the purported demand for a jury in the face of the quoted recitals in the court's orders. Even if he had read such, we think no error was committed in proceeding to trial, the appellant not having requested in open court a jury trial.

The judgment is affirmed.