COMMERCIAL CREDIT CORPORATION
v. BROWN et ux.

No. 14440.

Court of Civil Appeals of Texas.
Fort Worth.

Nov. 6, 1942.

D. A. Webb, of Fort Worth, for appellant.

Mays & Mays, of Fort Worth, for appellees.

BROWN, Justice.

On or about December 2, 1940, appellee Herman Brown, joined by his wife Imogene, purchased a certain Ford passenger automobile from the dealers, Arthur Teague Motor Co., the total purchase price being $1,291.19, paid and to be paid as follows: $79.50 cash and the trade-in value of a 1939 model Mercury car in the amount of $188.41, and these purchasers executed their instalment payments, promissory note in the sum of $952, secured by a chattel mortgage on the auto.

The mortgage and note contained the usual accelerating maturity clause in case of default in the payments.

The note and mortgage were sold and duly assigned to Commercial Credit Corporation. Said last named owner of the note and mortgage, on November 15, 1941, brought suit against Brown and his wife for the balance of the unpaid purchase price and for a foreclosure of the chattel mortgage lien on the car, alleging default in the payment of several instalments.

Brown was inducted into the Army of the United States on September 26, 1941.

It appears that the Browns were not represented by counsel and the trial court, acting, in his opinion, under Soldiers and Sailors Civil Relief Act, as amended in 1940, 50 U.S.C.A.Appendix §§ 501, 510 et seq., appointed Mr. Charles Mays, a prudent and able attorney of the Fort Worth Bar, to represent the said defendant soldier and his wife. This attorney pleaded the coverture of Mrs. Brown, which precluded any personal recovery against her, and asked for relief for Mr. Brown under the said Act. This Act is a part of Title 50 Appendix of the United States Code, 50 U.S.C.A. Appendix, and it contains many articles and paragraphs, but our view of the case is such that we will notice only those that we deem pertinent to this appeal.

The cause was tried to the court, and after finding that the debt as sued for was just and in the amount pleaded, that default had been made in the payments, that Brown was a soldier in the active service of his country, and that the reasonable value of the car is $700, the court rendered judgment that the plaintiff, Commercial Credit Corporation, pay to defendants, Herman Brown and his wife, Imogene, the sum of $70, and allowed a fee to said attorney Mays, which the court adjudged as a part of the costs in the case; and rendered judgment foreclosing the chattel mortgage lien, and directed that an order of sale be issued out of the judgment, and that a sale of the automobile be had as under execution and directed that the proceeds of the sale be applied to the indebtedness due said plaintiff, and taxed all costs against the plaintiff, and ordered that when the sale price is paid to the plaintiff, the promissory note and mortgage securing same, and the indebtedness owing by the makers be canceled and held to be paid and discharged.

The appeal from this judgment raises interesting questions that have not been heretofore adjudicated, according to the briefs of the parties.

Section 122 of 50 U.S.C.A. Appendix provides that one who owns such a note as is before us, secured by a chattel mortgage upon the personal property involved, shall have no right against the soldier who owes the debt and the personal property except by and through an action in some court having competent jurisdiction thereof.

Subsection 2 of said paragraph, or section, 122 is: "Upon the hearing of such action the court may order the repayment of prior installments or deposits or any part thereof, as a condition of terminating the contract and resuming possession of the property, or may, in its discretion, on its own motion, and shall, on application to it by such person in military service or some person on his behalf, order a stay of proceedings as provided in this Act unless, in the opinion of the court, the ability of the defendant to comply with the terms of the contract is not materially affected by reason of such service; or it may make such other disposition of the case as may be equitable to conserve the interests of all parties."

Section, or paragraph, 123 of 50 U.S.C.A. Appendix, is:

"§ 123. Mortgages or trust deeds; actions; stay; sales under powers

"(1) The provisions of this section shall apply only to obligations originating prior to the date of approval of this Act and secured by mortgage, trust deed, or other security in the nature of a mortgage upon real or personal property owned by a person in military service at the commencement of the period of the military service and still so owned by him.

"(2) In any proceeding commenced in any court during the period of military service to enforce such obligation arising out of nonpayment of any sum thereunder due or out of any other breach of the terms thereof occurring prior to or during the period of such service, the court may, after hearing, in its discretion, on its own motion, and shall, on application to it by such person in military service or some person on his behalf, unless in the opinion of the court the ability of the defendant to comply with the terms of the obligation is not materially affected by reason of his military service—

"(a) Stay the proceedings as provided in this Act; or

"(b) Make such other disposition of the case as may be equitable to conserve the interests of all parties.

"(3) No sale under a power of sale or under a judgment entered upon warrant of attorney to confess judgment contained in any such obligation shall be valid if made during the period of military service or within three months thereafter, unless upon an order of sale previously granted by the court and a return thereto made and approved by the court."

Thus we are confronted with the plain language found in subsection 1 of Section, or paragraph, 123, to the effect that the provisions of this section shall apply only to obligations originating prior to the date of approval of this Act and secured by a mortgage upon personal property owned by a person in military service at the commencement of military service and still owned by such person.

The original Act was approved in March, 1918, and, as amended or re-enacted, we find it was approved in the year 1940, and prior to the date that the Browns purchased the automobile in question and executed the note and mortgage here involved.

The re-enacted Act, approved October 17, 1940, and entitled "Soldiers' and Sailors' Civil Relief Act of 1940", carries Section numbers 531 and 532, 50 U.S.C.A. Appendix, instead of Section numbers 122 and 123, 50 U.S.C.A. Appendix, and the language of the Amended Act is identical with that of the original.

It is true that the Act was amended and, as amended, was approved October 6, 1942, 50 U.S.C.A. Appendix § 513 et seq. This amended Act is known as "Soldiers' and Sailors' Civil Relief Act Amendments of 1942", but it became a law long after the instant suit was filed, tried and final judgment rendered therein.

This last amended Act does not apply to the suit before us, and we are not attempting herein to construe same.

Our construction of this Act is that it was intended to protect those, in the armed service of our country, who were obligated when the Act was approved and all those who were so obligated when the Act was approved and thereafter entered the said service of their country.

We do not believe that it was ever intended to assist any man who obligated him-

self after the Act became effective, whether he were then in the service, or thereafter inducted into the armed forces of our country.

To hold otherwise would open the door for every man in service and every man who had any reasonable expectation of being called into service or who intended to or did volunteer to enter the service, to purchase property and not pay for same and obtain the very beneficent provisions of the Act.

We do not believe that the Browns are entitled to the protection of the Act under consideration.

So believing, we reverse the judgment of the trial court, insofar as it awards judgment for the Browns against appellant in the sum of $70, and insofar as it awards the attorney Mays an attorney's fee in the sum of $50, and insofar as it taxes all costs against appellant, and we here render judgment for appellant as to such items, matters, sums and issues.

We reverse the judgment of the trial court, wherein the note and debt and the chattel mortgage given to secure same are canceled, and we here render judgment for appellant on its debt as against the appellee Herman Brown, and judgment foreclosing its chattel mortgage lien to secure such debt, and direct that an order of sale issue in accordance with the provisions of the law relating thereto.

We leave the judgment in all other respects undisturbed; except that we here tax all costs against appellee Herman Brown.