## ERBACK v. DONALD.

### No. 14488.

Court of Civil Appeals of Texas. Fort Worth.

Feb. 26, 1943.

Rehearing Denied April 9, 1943.

290

Earl A. Forsythe, of Dallas, and Simon & Simon, of Fort Worth, for appellant.

Joe H. Cleveland and Paul Donald, both of Bowie, for appellee.

McDONALD, Chief Justice.

The parties will be designated as they were in the trial court.

On May 21, 1941, defendant purchased the property in controversy from W. J. Donald, assuming the payment of certain lien indebtedness outstanding against the

property. Said indebtedness was owned by plaintiff, J. M. Donald. By an agreement in writing signed by plaintiff J. M. Donald, by W. J. Donald, and by defendant H. J. Erback, dated May 21, 1941, the parties agreed that such indebtedness should be paid at the rate of $125 per month. On or about March 1, 1942, defendant Erback enlisted in the United States Navy.

On July 27, 1942, plaintiff, as the owner of such lien indebtedness, filed the present suit, seeking to foreclose on the property. Upon a trial without a jury, judgment was rendered on September 18, 1942, awarding to plaintiff a judgment against defendant for the amount of the indebtedness, plus interest and attorney's fees, and decreeing a foreclosure.

Defendant has appealed, relying upon four points of error.

Under his first point of error, defendant contends that the trial court erred in overruling defendant's motions for continuance. The substance of his grounds for continuance, as set out in his two motions therefor, is that he cannot go safely to trial on account of the absence of defendant, who is a material witness in his own behalf; that his testimony is material in that there is a dispute between plaintiff and defendant as to the amount due on the obligations sued upon; that there is a dispute as to what property is covered by the chattel mortgage sued upon; that defendant is the only person who can inform the court in support of his contentions; that defendant will give testimony in denial of the plaintiff's allegations that defendant has failed to make certain repairs which had been agreed upon, and that defendant had damaged the property; that the testimony of defendant cannot be obtained for the reason that he is and has been since April of 1942 in the military service of the United States Navy, and is temporarily stationed at a naval base in California, and that it is impossible for him to secure a leave of absence in order to be present at the trial of the case; that "defendant's deposition due to the existing conditions and regulations cannot be taken"; that if the court allows the case to proceed to trial, the defendant will be deprived of his property rights, and that the defendant is entitled to the protection and relief accorded by the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C.A. Appendix § 501 et seq., and that defendant invokes all of the provisions of such Act; that plaintiff claims a lien of approximately $8,000, and that the property has a value of $18,000, that plaintiff is trying to take defendant's property away from him; that plaintiff has taken possession of the property and has been using and occupying it for several months, and is collecting the rent and revenue therefrom; that plaintiff has made no accounting of such rents and revenues; that defendant has made demand upon plaintiff to furnish a statement showing the amount of indebtedness alleged to be due and owing and the amount of revenue received; that plaintiff has refused to furnish same; that such refusal has prevented defendant from ascertaining the amount claimed to be due; that defendant has offered to turn over to plaintiff all revenue being derived from the property and to pay to plaintiff the sum of $75 per month in addition; and that the continuance is not sought for delay only, but that justice may be done. The motions also contain references to the manner in which citation was served on defendant, and contain other allegations which are material only to the relief sought under the provisions of the Relief Act.

The prayer is that the court continue the cause on terms equitable and just to the rights of all parties concerned for the duration of the war and for such other time as the court may think proper.

For reasons later to be noted, we hold that the provisions of the Soldiers' and Sailors' Civil Relief Act of 1940 are not applicable. All of the proceedings had in the court below were prior to the effective date of the Soldiers' and Sailors' Civil Relief Act Amendments of 1942, 50 U.S. C.A. Appendix § 501 note, 513 et seq., and there has been no effort in this cause to obtain any relief thereunder. The action of the court in denying the continuance must be tested as if there were no such law in existence.

In 9 Tex.Jur., 670–676, will be found discussions and citations of authorities pertaining to continuances sought on the ground of absence of a party to the litigation. A motion for such a continuance is addressed largely to the discretion of the trial court. His action will not be disturbed on appeal unless there has been a clear abuse of discretion. Mere absence of the party is not enough to entitle him to a continuance. It must be shown both that the absent party had a reasonable ex-

cuse for not being present, and that his absence resulted to his prejudice. A reasonable excuse for the absence will not require a reversal where no prejudice is shown. A continuance may properly be denied if the motion therefor fails to show that by the exercise of reasonable diligence the party's testimony could not have been made available by taking his deposition. The testimony of the absent party must be material, and must, we think, be such as would be admissible under the pleadings. Also, the application should show, where a case is not governed by the provisions of the Soldiers' and Sailors' Civil Relief Act, that the testimony may reasonably be expected, either from the witness in person or by his deposition, at the next term of court or within a reasonable time. 9 Tex. Jur. 747.

Applying the foregoing rules to the present situation, we find, from the motions for continuance and from the evidence adduced upon the hearing of the motions, that the suit is upon promissory notes; that defendant has failed to file any such plea of payment as is required by Rule no. 95, Texas Rules of Civil Procedure; that due to such failure he would not have been permitted to testify as to any payments on the notes even if he had been present; that none of the other matters set up in his motions for continuance would have constituted a defense to the foreclosure suit even if he had testified concerning them; that defendant was in Dallas, Texas, for several days immediately before the suit was filed, evidently knew that it probably would be filed, and employed counsel to represent him, yet no excuse is made in the motions for not taking his deposition further than the general statement that it could not be taken due to existing conditions and regulations; and that the motions fail to show that defendant's testimony, either from him in person or by his deposition, could be made available within a reasonable time.

We also find from the record that the cause was first set for trial on September 8th; that upon the hearing of the first motion for continuance, presented at that time, the plaintiff in open court agreed that he would promptly cross any interrogatories propounded by defendant within one day after being presented with same; and that thereupon the court re-set the cause for trial on September 18th. So far as the record shows, defendant made no effort to testify by deposition between these two dates.

We have considered the opinion in Vaughn v. Charpiot, Tex.Civ.App., 213 S. W. 950, but have not found it helpful because not enough of the facts and circumstances are stated in the opinion to enable us to compare the situation there before the court with the one before us.

We cannot hold that the record before us presents a case of abuse of discretion upon the part of the trial court in denying the continuance.

Under his second point of error defendant complains of the refusal of the trial court to try the case to a jury. It is unnecessary to decide whether defendant made a sufficient compliance with the rules governing a demand for a jury trial, because, under the record before us, the trial court would have been in duty bound to instruct the jury to return a verdict in favor of the plaintiff had there been a jury. There was no testimony which would have warranted the submission of any disputed fact issues to the jury. The result of the trial was therefore the same as it would have been if a jury had been present. The error, if any, was harmless, and does not warrant a reversal. Rule 434.

The third point of error relates to the following matters. According to the notations in the transcript, the suit was filed on July 27, 1942. The citation bears that date, and recites that the suit was filed on that date. The return of the Dallas County sheriff, who served the citation upon the defendant, recites that it came to hand on July 26, 1942, at 10:07 P. M., and that defendant was served on July 27, 1942, at 4:37 A. M. There is other testimony tending to show that defendant was served very early in the morning of the twenty-seventh. Defendant, through his attorney, filed an answer in the case on August 5, 1942. On September 8, 1942, defendant, through his attorney, filed a motion in which he asked leave to withdraw his answer and appearance.

The substance of defendant's contentions is that neither he nor his attorney knew until after the answer had been filed that the citation was actually issued on Sunday, July 26th, that the service upon him was invalid, and that such acts constituted a fraud upon him, and upon the court, such as to warrant the court in granting de-

fendant permission to withdraw his answer and appearance. It is further contended that if he had been allowed to withdraw his answer and appearance, a new citation would not have permitted a trial before the effective date of the Soldiers' and Sailors' Civil Relief Act Amendments of 1942.

We are of opinion that the filing of the answer was a waiver of any objection that the suit was actually filed on Sunday, July 26th, if such was the case. Ullman v. Verne, 68 Tex. 414, 4 S.W. 548, 549; Cox v. Trent, 1 Tex.Civ.App. 639, 20 S.W. 1118; Burns v. Barker, 31 Tex.Civ.App. 82, 71 S.W. 328; Benchoff v. Stephenson, Tex.Civ.App., 72 S.W. 106. We consider that the trial court was not in error in applying the general rule that the filing of an answer constitutes a waiver of any defect in the service of citation. Rules 120 and 121; Phillips v. The Maccabees, Tex.Civ. App., 50 S.W.2d 478, and cases there cited; Elliott v. San Benito Bank & Trust Co., Tex.Civ.App., 133 S.W.2d 831.

Under the fourth point it is argued that the trial court erred in denying defendant any relief under the Soldiers' and Sailors' Civil Relief Act of 1940. As has been said, defendant bought the property and assumed the debt against it, and signed the agreement amending the manner of payment of the indebtedness, after the effective date of the 1940 Act. See our opinion in Commercial Credit Corporation v. Brown, Tex.Civ.App., 166 S.W.2d 153, for the text of the applicable portions of the Act. For the reasons expressed in that opinion, we hold that the 1940 Act is not applicable to the case now before us. The fact that the notes which defendant assumed were originally executed before the effective date of the 1940 Act does not bring the case within the Act. Defendant did not become a party to those obligations until he assumed their payment on May 21, 1941. The holding in Kendall v. Bolster, 239 Mass. 152, 131 N.E. 319, construing a similar provision of the Soldiers' and Sailors' Civil Relief Act of 1918, 50 U.S. C.A. Appendix § 101 et seq., is somewhat in point.

For those interested generally in the provisions of the Act of 1940 and the Amendments of 1942, as well as decisions construing the Act of 1918, we refer to annotations in 9 A.L.R. 81, 130 A.L.R.

774, 137 A.L.R. 451, 140 A.L.R. 1509, and 141 A.L.R. 1515. The full text of the 1940 Act will be found in 130 A.L.R. 794 and the text of the Amendments of 1942 will be found in 141 A.L.R. 1515.

As has been said, we do not have before us any effort to seek relief under the provisions of the 1942 Amendments, and nothing we have said is intended to apply thereto.

The judgment of the trial court is affirmed.

### On Motion for Rehearing.

Appellant's counsel have filed a vigorous motion for rehearing, urging with commendable zeal and ability that we were in error in the rulings announced in our original opinion. In support of his contentions that the trial court erred in denying him a jury trial, appellant cites Wm. D. Cleveland & Sons v. Smith, 102 Tex. 490, 119 S.W. 843; Becker v. Becker, Tex.Civ. App., 218 S.W. 542; Mullaly v. Goggan, Tex.Civ.App., 25 S.W. 666; McFarland v. Martin & Moodie, Tex.Civ.App., 86 S. W. 639; Couger v. Allen, Tex.Civ.App., 25 S.W.2d 666; Panhandle & S. F. Ry. Co. v. Lawless, Tex.Civ.App., 94 S.W.2d 213; and an excerpt from 26 Tex.Jur. 581. Appellant contends that it is no answer to his complaint of having been denied a jury trial to say that the trial court would have been obligated to instruct a verdict even had there been a jury, and the opinion in Cleveland & Sons v. Smith tends to support appellant's contention. But even that opinion seems to recognize that there could be cases where the error would be harmless. Becker v. Becker does not appear to us to be in point for or against appellant's contentions. Harmless error is not discussed in Mullaly v. Goggan or in McFarland v. Martin & Moodie. And the ruling of the court in the latter case appears to have been based entirely upon another ground. In Couger v. Allen the evidence was conflicting, and so should have been submitted to the jury. In Panhandle & S. F. R. Co. v. Lawless harmless error was not discussed. Disposition of the case was made upon the proposition that once the case had been placed upon the jury docket, it could not be withdrawn from the jury except upon waiver of all parties.

The following cases appear to us to support our holding. Niblett v. Shelton, 28 Tex. 548; Gibson v. Singer Sewing Ma-

chine Co., Tex.Civ.App., 147 S.W. 285; Buttrill v. Occidental Life Ins. Co., Tex. Civ.App., 45 S.W.2d 636; Slay v. Davidson, Tex.Civ.App., 88 S.W.2d 649. In Gibson v. Singer Sewing Machine Co. [147 S.W. 287] it is said:

"Under the allegations and the proof, the court would have been justified in instructing a jury, had there been one, to have returned a verdict for appellee. The allegations would not have justified the proof of any other facts than those in evidence, and the case is brought within the exception recognized in Cleveland [& Sons] v. Smith, 102 Tex. 490, 119 S.W. 843, in which it is said: 'We think it clear that, if such an error can ever be cured by such a reason, it would only be when it is clear beyond peradventure that there were no facts to be found from evidence.' "

■ Appellant contends that the liability of appellee for taking possession of the mortgaged property presented an issue for the jury. It is our opinion that there was no proof upon which a jury could have found the amount of damages for such wrongful taking of possession, if any there was.

■ Upon further consideration of the question, we are led to believe, and so hold, that appellant failed to make such compliance with the applicable rules of procedure as to enable him to complain of the failure to grant him a jury trial. The case was set for trial on the non-jury docket on September 8, 1942. The demand for a jury and the payment of the required fee was made on September 2nd. Rule No. 216, Texas Rules of Civil Procedure, requires that the jury fee be paid on or before appearance day, or, if thereafter, not less than ten days in advance of the trial of the case on the non-jury docket. On September 8th the court postponed the trial until September 18th. While it has been held that a late payment of the jury fee will not operate to deprive a party of the right to a jury if it does not operate as a postponement of the trial and if it does not interfere with the handling of other business of the court, we do not feel that appellant has brought himself within

the exception to the rule. It is commonly known that on the first Monday of each month the civil district courts of Tarrant County make up the settings of jury cases for trial during the following month. The case had already been set for trial on the non-jury docket when the jury fee was paid. The jury fee was paid within less than ten days of such trial date. The case could not then have been regularly set for a jury trial before the month of October. It is shown that no jury was available when the case was tried on September 18th. The presumptions are in favor of the validity of the trial court's rulings unless otherwise shown on appeal. Appellant did not comply with Rule 216, and we are unable to find from the record before us an abuse of discretion on the part of the trial court in declining to make an exception to the rule.

We have again carefully reviewed the action of the trial court in refusing a continuance, and are not able to find error with respect thereto.

■ Appellant has also filed in this court an application in which he seeks relief under the provisions of the Soldiers' and Sailors' Civil Relief Act Amendments of 1942, 50 U.S.C.A.Appendix § 501 note 513 et seq., which became effective after the rendition of the judgment in the trial court.

Our jurisdiction in this case is appellate only. Our authority is only to review what was done in the trial court. We are not permitted to hear the evidence which would be required to determine whether appellant is entitled to relief under the 1942 Amendments. Nor could we appoint a receiver or a custodian of the property, or order appellant to make payments on the loan. As we view the matter, the 1942 Amendments were not before the trial court, nor are they before us on this appeal. This is not the court in which such relief would have to be sought.

The motion for rehearing is overruled. Being without jurisdiction of the application for relief under the 1942 Amendments, that application is dismissed without prejudice to appellant's rights, if any, to seek such relief in a court of competent jurisdiction.