Hugh T. ECHOLS, Petitioner,

v.

Von S. WELLS, Respondent.

No. B–4423.

Supreme Court of Texas.

June 19, 1974.

———◆———

Byrnes, Myers, Adair, Campbell & Sinex, Ronald G. Byrnes, Houston, for petitioner.

Engel, Groom, Miglicco & Gibson, David A. Gibson and Jerry W. Russell, Houston, for respondent.

STEAKLEY, Justice.

This is a suit by Von S. Wells, Respondent here, against H. T. Echols, George B. Harrop and Robert E. Best. As it reaches us, the suit is to recover accumulated run payments from the sale of oil and gas from certain land located in Lea County, New Mexico. Harrop filed an interpleader and paid the accumulated run payments amounting to $12,813.37 into the Registry of the Court. After withdrawing the case from the jury, the circumstances of which occasioned the granting of writ of error, the trial court rendered judgment dismissing Harrop and Best as Defendants, and, as relevant here, ordered recovery by Wells of the interpleaded sum. This was affirmed by the Court of Civil Appeals. 508 S.W.2d 118.

As indicated, writ of error was granted at the instance of Defendant-Petitioner Echols upon his point of error urging that the intermediate court erred in affirming the right of the trial court to withdraw the case from the jury without allowing him opportunity to offer evidence in support of his pleadings. Among other things, Echols alleged that Wells had been acting in a fiduciary capacity for him since he, Echols, had invested approximately $6,000 in what was called the first "Bagley Well", and that he was entitled to reimbursement in such amount. The error of the trial court in withdrawing the case from the jury was urged by Echols in his motion for new trial and by point of error in the intermediate court. It was the view of the latter court, however, that reversible error could not be established in the absence of a showing, by bill of exception, or other means, of the evidence Wells would have offered. We disagree in view of the sequence of events as recorded in the Statement of Facts:

MR. WITTNER: [Attorney for Wells] Your Honor, we have nothing further. The plaintiff rests at this point.

THE COURT: Step down. Take the jury out, Mr. Barrett. Y'all step up here.

(Discussion before the bench)

THE COURT: All right, bring the jury out. I'm going to let the jury go to lunch.

(Jury in the box.)

THE COURT: Ladies and gentlemen of the jury, Judge Holland probably instructed you it's your duty to pass upon

the disputed facts in the case. It's the duty of the Judge to pass upon the law. After hearing the testimony, I decided there is no disputed question of fact which would be determinative of any issue in this case that is necessary for you to pass on. I can therefore discharge you, and I will handle the rest of the case. But I will discharge you, and if you all will report down to the jury assembly room, they will discharge you for the week. Thank you for your services.

(The following took place without the presence of the jury.)

THE COURT: What I want in the record is a statement from you all concerning the proof that would have been made on behalf of Mr. Echols on this oral agreement concerning his cost and the basis of his claim—you see?—and that no evidence was admissible on that under the statute of fraud. With that statement from you all, which would preclude or take the place of any evidence on your part, then I can rule on attorneys' fees.

MR. WITTNER: Okay, that's fine, Judge.

THE COURT: It's stipulated and agreed by and between the parties that, in place and instead of testimony on behalf of Defendant Hugh Echols, the following stipulation between counsel is now made:

That if testimony on behalf of the plaintiff had been elicited, the following proof would have been made:

MR. LORD: [Attorney for Echols] That Defendant, Hugh T. Echols, had approximately $7,000 in what has been referred to as the Bagley No. 1 Well, however, there is no written instrument evidencing same.

THE COURT: All right, no written agreement between Plaintiff Von S. Wells and Defendant Hugh Echols.

MR. LORD: With regards to any reimbursement.

THE COURT: Right. And that such testimony was or would have been excluded by the Court under the statute of fraud.

Now, on the issue of attorneys' fees, which the parties have agreed would be decided by the Court, the Court sets the attorneys' fees of Mr. Pope, representing the Interpleader Harrop, at $1200, and apportions the payment of those attorneys' fees, $500 to the plaintiff and $700 to the defendant.

Okay?

MR. WITTNER: Fine, Judge.

THE COURT: Y'all draw your judgments."

█ It is apparent that after hearing the testimony offered by Plaintiff-Wells, the trial judge determined that no facts could be disputed and that the evidence he anticipated would be offered by Defendant-Echols in support of his claim for reimbursement would not be admissible. He thereupon dismissed the jury on his own motion.

Following this, the trial judge called on counsel for Echols to stipulate that his claim for reimbursement did not rest on an instrument in writing; and that the evidence Echols would offer would not be admissible under the Statute of Frauds, Tex. Bus. & Comm. Code Ann. § 26.01, V.T.C.A. (Tex.UCC 1968). In response, counsel for Echols stipulated "there is no written instrument evidencing" the claim of Echols for reimbursement; he did not further stipulate, as requested by the trial judge, that the evidence supporting the claim would not be admissible. Notwithstanding, the trial judge ruled that the testimony sup-

porting the claim of Echols would have been excluded by him. Having thus been foreclosed, we do not think it was incumbent upon counsel for Echols to insist upon making a record of this testimony by bill of exception or that his doing so was prerequisite to a showing of reversible error. The assertion of Echols in his application for writ of error that he was not allowed to offer evidence was not challenged by Wells in his reply and, indeed, was not challenged before the intermediate court. See Rule 419, Texas Rules of Civil Procedure.

Further, it appears there were fact issues to be resolved and we must indulge every inference that may properly be drawn from the evidence against the action of the trial judge in withdrawing the case from the jury and in instructing a verdict against Echols. *Cf.* Adams v. Slattery, 156 Tex. 433, 295 S.W.2d 859 (1956); Air Conditioning, Inc. v. Harrison-Wilson-Pearson, 151 Tex. 635, 253 S.W.2d 422 (1952); White v. White, 141 Tex. 328, 172 S.W.2d 295 (1943); William D. Cleveland & Sons v. Smith, 102 Tex. 490, 119 S.W.2d 843 (1909). Wells himself testified that he thought Echols had invested funds in the well in question. Wells also called Echols as an adverse witness and he testified that he was claiming his "original risk money" out of the lease and that he had asserted this interest in some of the funds Wells was receiving from the lease. The record indicates that Echols was not seeking an overriding royalty interest but only that he be reimbursed out of funds derived from the oil runs in a specified amount of drilling cost expenditures. It is not clear that evidence in support of his right to such reimbursement would have been inadmissible as violative of the Statute of Frauds. At the least, Echols was entitled to offer his evidence and to a trial of the issue.

The judgments below are reversed and the cause is remanded to the trial court.