IN THE SUPREME COURT OF TEXAS









IN THE SUPREME COURT OF TEXAS

 

════════════

No. 02-0690

════════════

 

In re The Prudential
Insurance Co. of America and Four Partners, L.L.C., d/b/a Prizm Partners,
Relators

 

 

════════════════════════════════════════════════════

On Petition for Writ of Mandamus

════════════════════════════════════════════════════

 

 

Argued April 2,
2003

 

 

Chief Justice Phillips,
joined by Justice O=Neill, Justice Jefferson, and Justice Schneider, dissenting.

 

 

Mandamus
is an extraordinary remedy available "only in situations involving
manifest and urgent necessity and not for grievances that may be addressed by
other remedies."  Walker
v. Packer, 827 S.W.2d 833, 840 (Tex. 1992).  To obtain mandamus relief, the relator must satisfy a two-prong test.  Relator must
demonstrate (1) that the lower court committed a clear abuse of discretion (2)
for which there is no adequate remedy at law, such as a normal appeal.  Id. at 839‑40.  Although the Court=s
mandamus jurisprudence has not always strictly adhered to these tenets, we have
endeavored to apply them more consistently since our decision in Walker.  Because the Court retreats from that approach
today, I respectfully dissent.

Under
the second prong, the Court concludes that we must grant mandamus relief here
because Athe trial
court=s denial
of Prudential=s
contractual right to have the Secchis waive a jury
[cannot] be rectified on appeal.@
___ S.W.3d at ___. 
I, of course, agree that an appellate remedy is inadequate if it comes
too late to cure the trial court=s
error.  Walker, 827
S.W.2d at 843.  As we have said, a
party establishes that its appellate remedy is inadequate by showing that it is
in real danger of permanently losing its substantial rights.  Perry v. Del Rio, 66
S.W.3d 239, 257 (Tex. 2001); Walker, 827 S.W.2d at 842; Canadian
Helicopters, Ltd. v. Wittig, 876 S.W.2d 304, 306
(Tex. 1994).  But that is not the
present case.

The
Court suggests, however, that if we do not act immediately  Prudential=s
contractual right will be lost forever. 
I disagree.  The Court confuses
the adequacy of Prudential=s
appellate remedy with the damages Prudential may suffer as a consequence of its
tenant=s breach
of contract.  The purpose of the
appellate remedy is not to compensate Prudential for this contractual breach,
but to correct the trial court=s
error.  If Prudential has been otherwise
damaged, it should seek damages directly from the breaching party as in any
other contract case.

The
Court further suggests that Prudential=s
appellate remedy is inadequate because the burden of showing harmful error in
this instance is simply too great.  This
is also wrong.  Texas courts have readily
found harm when a party has been denied its right to present disputed questions
of fact to a jury.  Mercedes-Benz
Credit Corp. v. Rhyne, 925 S.W.2d 664, 667 (Tex.
1996).  In this instance, even if
the evidence greatly preponderates in favor of the judgment, the judgment must
nevertheless be reversed if there is any evidence on which a jury could have
reached a different result.  See id.;  Wm. D.
Cleveland & Sons v. Smith, 119 S.W. 843, 843-44 (Tex. 1909).  Our harmful error analysis in these cases
reflects the importance our justice system accords the right to trial by
jury.  See Gen. Motors Corp., 951
S.W.2d at 476 (right to jury trial is Aone
of our most precious rights@).  If a pre-dispute jury waiver is enforceable,
an issue I would not decide here, then logic dictates that a wrongful failure
to honor the agreement should be reviewed under the same appellate
standard.  Thus, a trial court=s erroneous decision about who is to
determine the facts in a case is harmful error if there are material facts in
dispute.  See Halsell
v. Dehoyos, 810 S.W.2d 371, 372
(Tex. 1991).

The
Court finally compares this case to those cases in which we have enforced
arbitration agreements through mandamus. 
See In re J.D. Edwards World Solutions Co., 87 S.W.3d 546, 551
(Tex. 2002) (per curiam); In re FirstMerit Bank, N.A., 52 S.W.3d 749, 753 (Tex. 2001);
Prudential Securities, Inc. v. Marshall, 909 S.W.2d 896, 900 (Tex. 1995)
(per curiam); Jack B. Anglin
Co. v. Tipps, 842 S.W.2d 266, 272-73 (Tex.
1992).  Our choice of the mandamus remedy
in Jack B. Anglin Co. and the other Federal
Arbitration Act cases was influenced by three factors: (1) the strong public
policy of both Texas and the federal government favoring arbitration, 842 S.W.2d  at 268, (2)
the procedural anomaly that permitted an interlocutory appeal under the state
arbitration act but not the federal act, id. at
272, and (3) the United States Supreme Court=s
pronouncement that appellate delays defeated the Acore
purpose@ of
contracts to arbitrate, id. at 273 n.14 (citing
Southland Corp. v. Keating, 465 U.S. 1, 7-8 (1984)), which we took as a
mandate from our nation=s
highest court to provide an extraordinary remedy.  None of these factors are in the case before
us.

Even
if parties may freely waive their right to trial by jury, there is no public
policy reason for encouraging them to do so. 
See generally Bell Helicopter Textron, Inc. v. Abbott, 863 S.W.2d
139, 141 (Tex. App.BTexarkana
1993, writ denied) (restrictions on right to jury subject to utmost
scrutiny).  Furthermore, whereas the
mandamus remedy in Jack B. Anglin Co.
corrected a procedural anomaly, its use here creates one, authorizing mandamus
relief to enforce a contractual jury waiver while relegating a party to its
appellate remedy when denied its constitutional right to a jury trial.  See Gen. Motors Corp., 951 S.W.2d at
477 (ABecause
the denial of a jury trial can be reviewed by ordinary appeal, mandamus is
generally not available to review such a ruling.@).  Finally, as I have explained, an appeal will
not destroy Prudential=s
contractual right; it merely postpones its application.  Because any error in submitting this case to a
jury may be corrected on appeal, mandamus relief is therefore
inappropriate.  See  Walker, 827 S.W.2d at 842 (quoting
Iley v. Hughes, 311 S.W.2d 648, 652
(Tex. 1958) (appellate remedy inadequate A>when parties stand to lose their
substantial rights=@)); see also McDaniel v. Yarbrough,
898 S.W.2d 251, 253 (Tex. 1995) (erroneous decision on right to jury trial is
reversible error).

Admittedly,
Prudential=s
appellate remedy is not as efficient or economical as mandamus, but that has
never been the test.  It is not enough to
show that mandamus is a quicker or more beneficial remedy because the writ=s purpose is not merely to expedite the
correction of legal errors.  See In re Ford Motor Co., 988 S.W.2d 714, 721 (Tex. 1998); Walker,
827 S.W.2d at 842; Bell Helicopter Textron, Inc. v. Walker, 787
S.W.2d 954, 955 (Tex. 1990) (per curiam).   If the writ were available to correct
every reversible error as it occurred in the trial court, the writ would cease
to be extraordinary, and appellate courts would soon find themselves embroiled
in the management of the trial court=s
docket.  See Pope v. Ferguson, 445 S.W.2d 950, 954 (Tex. 1969).  Thus, we have not granted mandamus relief to
correct rulings incidental to the trial process that do not involve the
permanent deprivation of a substantial right. 
Polaris Inv. Mgmt. Corp. v. Abascal,
892 S.W.2d 860, 862 (Tex. 1995) (per curiam).  

But
the Court now surprisingly suggests that the second prong of our mandamus
standard has no fixed meaning.  ___
S.W.3d at ___ (The word A>adequate=
has no comprehensive definition.@).  Instead, the Court says we must weigh all the
public and private interests implicated by the lower court ruling at issue and
then decide on balance whether a remedy other than mandamus is adequate or not.  Id. at ____.  And although the Court ultimately does not
apply its new ad hoc balancing test here, it calls into question much of our
jurisprudence in this area.

I
see no need to inject even greater uncertainty into an already difficult and
frequently subjective process.  In the
past, we have emphasized that the writ of mandamus should not issue absent
"compelling circumstances."  See, e.g., Tilton v. Marshall, 925 S.W.2d 672, 681 (Tex.
1996); Geary v. Peavy, 878 S.W.2d 602, 603
(Tex. 1994) (per curiam).  But today, in circumstances far from
compelling, the Court uses mandamus as a substitute for appeal, an approach
rejected even by the federal procedure the Court purports to emulate.  See In re Avantel,
S.A., 343 F.3d 311, 317 (5th Cir. 2003) (Writ of mandamus is not a
substitute for appeal; relator must show that the
"clear and indisputable" error is irremediable on ordinary appeal.); In
re Ramu Corp., 903 F.2d 312, 318 (5th Cir. 1990)
(AAlthough it may obviate the need for improper
or unwarranted proceedings, mandamus cannot be used as substitute for appeal,
even when hardship may result from delay or unnecessary trial.@). 
Whether today=s
ruling has fundamentally altered these traditional rules, or is merely an
anomaly, remains to be seen.

Because
Prudential has failed to demonstrate that the trial court=s refusal to quash the jury setting
involves the deprivation of a substantial right that cannot be corrected on
appeal, I would, without reference to the merits of the case,  deny the petition for writ of
mandamus.

 

____________________________________

Thomas R.
Phillips 

Chief Justice

 

 

Opinion delivered:      September 3, 2004