## BERRY v. AMERICAN RIO GRANDE LAND & IRRIGATION CO.　(No. 6639.)

(Court of Civil Appeals of Texas. San Antonio. Oct. 5, 1921.)

1. Jury ⊂⟿28(6)—Where parties voluntarily try case without jury during vacation, judgment stands, though no written agreement to do so.

In view of Rev. St. art. 1714, permitting a trial without a jury on consent of parties, where both parties voluntarily engaged in the trial of an action by the judge in vacation, and offered no objection, the judgment will not be reversed, though no written agreement to try the case was made, any act of the parties clearly evincing a willingness to try it being sufficient.

2. Appeal and error ⊂⟿782 — Appellate court without jurisdiction cannot reverse judgment, but can only dismiss appeal.

The Civil Court of Appeals, if it has no jurisdiction of a cause, cannot entertain a motion to reverse the judgment and remand the cause, but can only dismiss the appeal.

Appeal from District Court, Hidalgo County; Hood Boone, Judge.

Action between Mrs. Epsie Berry and the American Rio Grande Land & Irrigation Company. Judgment for the latter, and the former appeals. Motion by appellant to reverse judgment and remand cause for want of jurisdiction. Motion overruled.

Graham, Jones, Williams & Ransome, of Brownsville, for appellant.

John P. Gause, of Mercedes, for appellee.

FLY, C. J. [1] Appellant has filed a motion asking this court to reverse the judgment and remand this cause for want of jurisdiction, because the same was tried when the court could not be and was not in regular session. The cause was heard by the trial judge on exceptions on April 13, 1921, when the regular term had expired by law on April 9, 1921. No order of extension of the term appears in the record, but clearly the case was disposed of in vacation. There is no written agreement in the record that the case should be tried by the judge in vacation. Under the provisions of article 1714, Rev. St., however, any cause except a divorce case may be tried without a jury, before the judge, upon the consent of parties, and he is given authority to enter final judgment and make all necessary orders. No written agreement to try the case is indicated by the record, nor is it required by the statute; but any action of the parties clearly evincing a willingness to try the case would be sufficient under the statute. Nothing could more strongly show consent for the trial to take place than for both parties to voluntarily engage in the trial and offer no objection to the case being tried. This is the case made by the record. Finney v. Walker, 144 S. W. 679.

[2] This court, on the face of the record, has jurisdiction to hear this cause, but if it did not have such jurisdiction it could not entertain a motion to reverse and remand, as in that situation it could only dismiss the appeal.

The motion is overruled.