### DAVIS, Agent, v. KIGHT.   (No. 6956.)

(Court of Civil Appeals of Texas. San Antonio. May 16, 1923.)

1. Jury ⊂⊃28(17)—Waiver at previous term not sufficient to preclude a jury trial.

Under Const. art. 1, § 15, providing that the right to trial by jury shall remain inviolate, and that the Legislature shall pass laws to regulate and maintain it, and Vernon's Sayles' Ann. Civ. St. 1914, art. 5174, providing that to have a jury trial in civil suit application for a jury must be made in open court and the jury fee deposited, or an affidavit be made of inability to make the deposit, and section 5175, requiring application for jury trial in a district or county court to be made on the first day of the term at which suit is to be tried, unless it is an appearance case, in which case application should be made on default day, where a case which was one of fact was an appearance case, and a jury trial was demanded while the jury was in the box, and the fee tendered, on default day for the term, refusing a jury trial on the ground that it had been waived at a previous term of court was error.

2. Jury ⊂⊃28(1)—Right to trial by jury cannot be waived by action of court.

While a jury trial can be waived by the parties, it cannot be by any action of the court if the demand were timely made and the jury fee paid.

Appeal from District Court, Erath County; J. B. Keith, Judge.

Action by H. L. Kight against James C. Davis, Agent. From judgment for plaintiff, defendant appeals. Reversed and remanded.

Thompson & Pittman, of Stephenville, for appellant.

Chandler & Pannill, of Stephenville, for appellee.

COBBS, J. This suit was for damages done to four several shipments in carload lots of personal property shipped over the line of the St. Louis & Southwestern Railroad Company of Texas while appellant Agent was operating the railroads under federal control. The first shipment was a carload of cotton seed delivered to the appellant at Lampkin October 30, 1919, and shipped to Dallas, Tex., consigned to International Vegetable Oil Company. Next was on November 8, 1919, delivered to appellant at Stephenville, Tex., consigned to the Industrial Oil Company at Waco, Tex. Another carload of cotton seed shipped November 6, 1919, from Stephenville to Waco, consigned to Industrial Cotton Oil Company. The separate amount of damages to each shipment was alleged and the character of the commodity embraced in the shipment shown, all being perishable goods. The negligent handling and delay in the delivery all set forth. The total amount of damages done is alleged to be $1,405.10, for which judgment was prayed. The amount of judgment awarded was $984.41.

This case is not out of the ordinary and usual suits for damages in such cases, involving disputed and controverted facts. However, appellant desired to have a jury pass upon the questions and to that end made application to the court for a trial by a jury which the court denied.

[1] At the December term of the district court of Erath county, 1921, the court entered an order on his docket setting the case for trial on the 6th day of June, 1922. When said order was made and entered by the court, plaintiff and defendant waived a jury. The June term of said court duly convened on the 5th day of June, 1922, and June 6, 1922, on which date this case had been set, was appearance day for said term of court. When this cause was called for trial on the morning of the 6th of June, 1922, defendant's counsel in open court demanded a trial by a jury and tendered $5 as a jury fee. This request was refused, and "the court announced defendant ready for trial." Defendant reserved a bill of exception to this refusal of the court, which bill of exception is here copied in full:

"H. L. Kight v. James C. Davis, Agent, in District Court, Erath County, Texas.

"Be it remembered that upon the trial of the above styled and numbered cause on the 6th day of June, 1922, and before either plaintiff or defendant had announced ready for trial, the defendant, James C. Davis, Agent, designated by the President of the United States of America under the Transportation Act of 1920, demanded a jury in said cause, then and there in

open court tendered a jury fee as required by law.

"That the June term of the district court of Erath county, Tex., convened on the 5th day of June, 1922. That said demand for a jury was made on appearance day at said June term of said court, to wit, the 6th day of June, 1922. That there was a regular jury for the first week of said term of court in attendance. That at the previous December term of said court the court sustained a motion to quash service of citation on the defendant Davis and said cause was continued on the docket of said court to the said June term, 1922. Upon said demand being made and jury fee tendered, the court stated to counsel for defendant that at the previous December term of said court counsel for defendant had in open court waived a jury in said cause, and thereupon the court caused said proceedings to be placed on the nonjury docket and had at that time been set for trial on the 6th day of June, 1922, same being appearance day at said June term; that by reason of such waiver and notation and setting, defendant was not in a position to demand a jury and was not entitled to a jury trial; that the court had nothing for them to try and that he would not need their services until a future day of the term, and that by reason thereof, he stated to counsel, for defendant that said demand came too late.

"That at the time of said demand by defendant the jury was still in the box, but after the statements aforesaid by the court, the jury was permitted to leave by the court, whereupon the court announced defendant ready for trial, and said cause proceeded to trial without a jury. Whereupon the defendant being denied a jury in open court excepted to the action of the court in denying said jury demand and now brings this his bill of exception in said cause and asks that the same be allowed, approved and ordered filed as part of the record herein.

"Thompson. & Pittman,
"Attorneys for Defendant.

"Approved, allowed and ordered filed as part of the record herein with the following qualifications:

"The foregoing bill is approved with explanation. This case was an appearance case to the June term, 1921, of this court, and on that day the defendant demanded a jury and the case was set on the docket for July 8th. On July 4, 1921, at said June term, the case was reset for July 7, 1921. On July 27th, the case was continued for the term on the application of both parties. On December 25, 1921, at the December term all parties appeared in open court and waived a jury, and the case was set for January 9, 1922. The case was not reached at that time for some reason, and on February 10, 1922, the defendant presented a motion to quash the citation, and while there is no reference record of any action on this motion on this docket, the court announced that he would sustain the motion and quashed the citation and thereupon set the case for June 6, 1922. On that day after the appearance was called and the jury docket, and no jury cases being on the docket that could be tried that week, the court discharged the jury, but before the jury had left the box counsel for defendant an-

nounced to the court that they would demand a jury. The court upon inspection of the docket found that a jury had been waived by all parties and the case placed on the nonjury docket and no jury fee had been paid, and counsel for defendant then stated to the court that they would tender the fee, and thereupon the court informed counsel that their demand came too late, and proceeded to call the case for trial.          J. B. Keith, Judge Presiding."

Article 1, § 15, State Constitution, provides:

"The right of trial by jury shall remain inviolate. The Legislature shall pass such laws as may be needed to regulate the same, and to maintain its purity and efficiency."

Article 5174, Vernon's Sayles' Ann. Civ. St. 1914, provides:

"No jury shall be had in any civil suit, unless an application therefor be made in open court and a jury fee be deposited, or an affidavit be made of inability to make such deposit, as hereinafter prescribed."

Article 5175, Vernon's Sayles' Ann. Civ. St. 1914, provides:

"Any party to a civil suit in the district or county court desiring to have the same tried by jury, shall make application therefor in open court on the first day of the term of the court at which the suit is to be tried, unless the same be an appearance case, in which event the application shall be made on default day."

While this case was filed in May, 1921, it is fully shown by the bill of exception above copied that it was an appearance case to the June term, 1922, and that the 6th day of June, the date of said jury demand and trial, was default day for said term of court.

[2] The right to a trial with a jury is a very precious right, has long been preserved and protected. While it can be waived by the parties, it cannot be by any action of the court if demand were timely made and the jury fee paid.

In this case, when the demand was made, the jury were then in the box and under the control of the court. No delay, inconvenience, or unusual consequence could possibly have occurred to the business of the court by giving to appellant a right handed down by the cycle of time and protected by the laws and the Constitution of the state.

The record shows the case to be one of fact, and the appellant should have been given the right to have the facts passed on by a jury instead of by the court. Cockrill v. Cox, 65 Tex. 673.

As this case must be reversed. we shall discuss no other feature of the case. The judgment of the trial court is reversed, and the cause is remanded for a new trial.