**Claude T. WINZER, Appellant,**

v.

**Laura WINZER, Appellee.**

**No. 6181.**

Court of Civil Appeals of Texas.

Beaumont.

Oct. 16, 1958.

Everett Lord, Adams & Browne, Beaumont, for appellant.

Nelson Munger, Houston, for appellee.

HIGHTOWER, Justice.

This was a suit for divorce, child custody and division of property. The plaintiff, Claude T. Winzer, is the appellant. The defendant and cross-plaintiff below is the appellee.

The matters of fact and law relating to divorce and property was submitted to the court which approved the property settlement of the parties and found that the appellee was entitled to a divorce. The issue of the custody of the parties' four year old boy was submitted to the jury, which found that the child's best interests and welfare lay with its father, appellant. Thereafter, and despite the fact that appellee had filed no motions of any nature for judgment in herself, as prescribed by Rule 301, Texas Rules of Civil Procedure, the court disregarded the findings of the jury and, on its own motion, determined that the child's best interests and welfare lay with its mother, appellee, and entered judgment accordingly. It is only to the action of the court relative to the custody of the minor child that error is assigned.

Three of appellant's eleven points of error relate to the quantum of evidence. These three 'evidence points' appear to have been abandoned as they have not been further briefed. The substance of appellant's first contention under his remaining eight points is, as stated in his brief:

"It is the Appellant's contention that the Court was without authority and without jurisdiction to enter judgment not in conformity with the verdict without motion and notice as prescribed by Rules 300 and 301 to disregard said jury's verdict and jury's finding and in the absence thereof the Court's only jurisdiction was to enter judgment in conformity with said Rules 300 and 301, which in this case was judgment on the jury's verdict and for Appellant."

Rule 301, T.R.C.P., as it relates to appellant's contentions, provides:

"The judgment of the court shall conform to the pleadings, the nature

of the case proved and the verdict, if. any, and shall be so framed as to give the party all the relief to which he may be entitled either in law or equity. Provided, that upon motion and reasonable notice the court may render judgment non obstante veredicto if a directed verdict would have been proper, and provided further that the court may, upon like motion and notice, disregard any Special Issue Jury Finding that has no support in the evidence. * * *."

To this extent Rule 301 encompasses Rule 300, T.R.C.P., as that rule relates to appellant's foregoing contentions.

We are unable to agree with appellant that the appellee must have first complied with these rules, as they relate to motions and notices of the same, for judgment in himself is a prerequisite to the authority of the Court to disregard the jury finding and render judgment for appellee as aforesaid. There is no absolute right in a divorce case for the issue of child custody to be determined by a jury in the first place. The decision is for the Court, in the exercise of its sound discretion, in determining the best interests and welfare of the child. Where, however, the issue of custody is tried to the jury its findings are not binding on the Court. They are purely advisory and the Court is free, of its own volition, to disregard them and, as aforesaid, render judgment as the best interests of the child may dictate. See McDonald's Tex.Civ.Prac., Vol. 4, Sec. 17.29. It is proper to add that the appellant does not raise the point that the trial court abused its discretion in connection with the foregoing.

Relative to his last contention the appellant calls our attention to that portion of the body of the Court's order refusing his motion for judgment on the jury's verdict, which order reads: " * * * and it appearing to the Court that the in-. terest and welfare of the minor child will be best served by placing him in the cus-

tody of his father, the plaintiff, but the, Court being of the opinion that under the law where the mother of a minor child is not proven to be immoral, then under the law the Court must award the custody to such mother * * *." By reason of such statement in this order the appellant contends that it conclusively establishes that the Court disregarded the finding of the jury and refused to render judgment for appellant because, and only because, of such erroneous theory of the law.

This contention is without merit. The trial court appended this qualification to the order:

"The above and foregoing proposed order is inaccurate and does not speak the truth as to the findings of the court."

This order was prepared by appellant's attorney. The Court's qualification denies the correctness of that portion referred to and asserts the reason ·why such motion was refused. The appellant makes no contention in his brief that the instrument was not accepted by him as qualified. The judgment of the trial court is affirmed.