Pete MASON, Appellant,

v.

Hampton TOBIN, Administrator, Appellee.

No. 14873.

Court of Civil Appeals of Texas.

Houston.

Oct. 27, 1966.

Baggett, Kirk, Van Keuren & Baggett, Russell T. Van Keuren, Houston, for appellant.

No attorney for appellee.

COLEMAN, Justice.

This is a suit for the title to and possession of real estate. The case was called for trial on the jury docket, and all parties announced ready for trial. Before the jury had been selected, the trial court, at the request of the plaintiff, had a hearing in the nature of a pre-trial conference in chambers to determine what, if any, issues there were to submit to a jury.

At this hearing he considered the verified pleadings and certain documentary evidence tendered by the plaintiff, and concluded that no jury issues were presented. The trial court, being of the opinion that only issues of law were presented, dismissed the jury panel. Thereafter, in open court without a jury, the trial court permitted the plaintiff to introduce his documentary evidence and, after both parties rested, rendered a judgment for the plaintiff "upon his sworn pleadings and exhibits in support thereof, and upon the pleadings of the defendant." (quotation from the judgment entered)

The defendant, appellant herein, excepted to the judgment and has assigned as a point on this appeal the error of the trial court in dismissing the jury prior to the introduction of testimony.

In defendant's first amended answer, he pled a general denial; a plea of not guilty; parol gift together with possession, and valuable permanent improvements; adverse possession for ten years; adverse possession under a claim of title and valuable improvements; and other matters.

It is clear that issues of fact were presented by the pleadings. There is nothing in the statement of facts indicating that appellant objected to the introduction of evidence on the specific ground that he was being deprived of a jury trial. Nor does the statement of facts reflect that the trial court refused to permit appellant to offer evidence.

Rule 166, Texas Rules of Civil Procedure authorizes the trial court to require the attorneys and the parties to appear for a

conference to *consider* the simplification of the issues; the *possibility* of obtaining admissions of fact and of documents which will avoid unnecessary proof; and such other matters as may aid in the disposition of the action. The trial court is directed to make an order reciting the action taken at the pre-trial conference, "and the *agreements* made by the parties as to any of the matters considered, and which limits the issues for trial to those not disposed of by *admissions* or *agreements* of *counsel*."

■ There is nothing in the rule authorizing the trial court to determine the merits of the issues raised by the pleadings at a pre-trial hearing, where the parties do not agree to limit the issues, and the issues raised by the pleadings are not disposed of by admissions.

■ Apparently the trial court considered certain matters contained in appellant's pleading as judicial admissions. However, no order was entered as a pre-trial order limiting the issues. In view of the general denial and plea of not guilty found in appellant's answer, the burden of establishing a prima facie case rested on appellee. The trial court erred in dismissing the jury panel, and in proceeding to trial without a jury, thereby denying appellant a jury trial. Const. Art. 1, Sec. 15, Vernon's Ann.St.; Art. 2123, R.C.S.

■ Appellant demanded that appellee file an abstract of title as authorized by Rule 791, T.R.C.P., and no such abstract was filed. Rule 792, T.R.C.P., provides:

"Such abstract of title shall be filed with the papers of the cause within twenty days after the service of the notice, or within such further time as the court on good cause shown may grant; and, in default thereof, no evidence of the claim or title of such opposite party shall be given on trial."

The trial court erred in admitting the deeds on which appellee's prima facie case depended.

The judgment of the Trial Court is reversed and the cause is remanded for a new trial.