Durwood O. **PHILLIPS et al., Appellants,**

v.

**C. T. LATHAM et al., Appellees.**

No. 5714.

Court of Civil Appeals of Texas, Waco.

April 20, 1977.

Rehearing Denied May 26, 1977.

Charles Ben Howell, H. Averil Sweitzer, Dallas, for appellants.

John A. Pace, Dallas, for appellees.

## OPINION

McDONALD, Chief Justice.

This suit arose out of an allegedly wrongful trustee's sale of a residence owned and occupied by plaintiffs Latham. They sued C. R. Smith, who held a second lien note secured by deed of trust under which the property was sold, Charles Ben Howell, substitute trustee, and Phillips who bought the property at the sale. Plaintiffs' petition included a count in trespass to try title and also a count for actual and exemplary damages for "illness and worry" and loss of time from work, caused by an alleged conspiracy of defendants to deprive plaintiffs of their home. After jury trial in the first trial judgment was rendered for plaintiffs against all defendants for title to the property, and against defendants Phillips and Howell for damages.

Phillips and Howell appealed and the Dallas Court of Civil Appeals [1] held that the judgment for title was correct, but that recovery of damages was without support in the evidence. The Dallas Court reversed and rendered the judgment for the damages; and remanded the balance of the cause to the trial court with instructions:

1. *Phillips v. Latham*, Tex.Civ.App. (Dallas) NRE, 523 S.W.2d 19.

"Defendant Phillips will be permitted to amend his pleadings to allege the amount due him. Plaintiffs will be permitted in reply to plead an offer to pay what they owe. If plaintiffs fail to plead such an offer, the court is instructed to render judgment that plaintiffs take nothing. If plaintiffs do plead such an offer, the court will, without reopening any of the points settled in this opinion, or the facts upon which they are based, render judgment in favor of plaintiffs for title and possession of the property, conditioned upon and subject to payment of the amount of the indebtedness, as determined by the court, or the court will make such other order as will secure payment to Phillips of such amount".

The Court of Civil Appeals taxed $180. of the transcript costs against the Lathams, dividing the balance of the costs of the first appeal between the parties; and then provided that the trial court on remand would "make proper allocation in its final judgment of the costs in the trial court [on the first trial]".

The case returned to the trial court, where Phillips amended claiming $691.43 due on the second lien, $48.85 paid in county taxes, $161.42 paid in city taxes, $128.51 paid for insurance pursuant to the deed of trust, interest and attorneys' fees. The Lathams failed to file a pleading but the trial court permitted them to dictate an oral trial amendment in which they tendered such amounts due the Phillips. Phillips insisted he was entitled to a jury, and a jury fee had been paid, but the trial court refused a jury and proceeded to hear the case. Almost no evidence was received in the case, the trial judge stating "the court just considers this proceeding as a continuation of the original trial. I take judicial notice of everything that is in the record".

The trial court rendered judgment for plaintiffs Latham on title and possession of the property (as instructed by the Dallas Court of Civil Appeals) then rendered judgment for Phillips for $852.85 ($691.43 due on the second lien, and $161.42 which Phillips paid as taxes to the city). The trial court denied Phillips' recovery for the $48.85 county taxes, $128.51 insurance, $88.55 interest, and attorneys' fees; and the trial court adjudged *all* trial court costs against Phillips and Howell (on both the first and second trials).

Phillips appeals on 11 points, and Howell appeals on 2 points; contending among other matters:

1) The trial court erred in denying Phillips a trial by jury.
2) The trial court erred in holding Phillips not entitled to recover: $48.85 paid for county taxes, $128.51 paid for insurance, certain interest and attorneys' fees.
3) The trial court erred in assessing all trial court costs in the first trial against Phillips and Howell.

The parties stipulated the record in the first trial could not be considered by this court in determining this appeal.

■ First, it is our construction of the Dallas Court of Civil Appeals' opinion and mandate that:

1) The foreclosure was of no effect.
2) The Lathams were entitled to judgment for title and possession of the property, subject to whatever amount of money was due Phillips under his second lien.
3) The case was remanded *only* for a determination of the amounts Phillips was entitled to, and for entry of judgment for Latham for title subject to such amounts due Phillips.

■ Second, testimony at the first trial was not admissible and could not be considered in the second trial. *Conner v. Tri County Water District,* S.Ct., 541 S.W.2d 856.

■ Third, appellants were entitled to a jury. Denial of a jury is harmless if the facts are undisputed. In this case there are issues of fact which appellants were entitled to have a jury determine.

■ Finally we think the trial court abused its discretion in assessing more than one half of the trial court costs in the first trial against appellants.

We sustain Phillips' point the trial court erred in denying him a jury.

The cause is reversed and remanded with instruction to comply with the mandate on the first appeal; to accord appellants a jury; and to make proper allocation of the costs in the first trial.

Costs in the second trial and appeal are adjudged against appellees.

Counsel stated in effect in oral argument and in their briefs that this case (in court since in 1969) has been litigated much too long. We agree, and by way of dicta suggest as an equitable settlement: 1) $1000. be paid Phillips by the Lathams; 2) Equal division of the trial court costs on the first trial between Phillips and the Lathams; 3) Costs of second trial and appeal be paid by the Lathams.

REVERSED & REMANDED.