Eddie McNeal JONES, Appellant,

v.

Helen Pearl JONES, Appellee.

No. 8337.

Court of Civil Appeals of Texas,
Beaumont.

Nov. 1, 1979.

Charles S. Sexton, Orange, for appellant.

Donald B. Kelley, Orange, for appellee.

KEITH, Judge.

The respondent-husband appeals from an adverse judgment entered in the court below in a bench trial. The petitioner-wife was granted a decree of divorce and the judgment partitioned the community property among the parties. We will speak of the parties as husband (appellant) and wife (appellee), rather than by the designations used in the trial court proceedings.

Although the husband has several other points, we focus our attention upon his second point of error, the denial of a trial by jury. Although a jury demand was made on September 18, 1978, and a jury fee paid at such time, the trial court refused to empanel a jury to hear and determine the issues of fact at the trial which began on February 2, 1979.

The right of trial by jury is a valuable right which should be guarded jealously by all of the courts of this State. Two constitutional provisions speak to the subject: *Tex.Const. art. I, § 15 and art. V, § 10. Tex. Family Code Ann. § 3.61 (Supp. 1978–79)*, specifically provides that either party may demand a jury trial.

*Tex.R.Civ.P. 216 (1976)* provides for the payment of the jury fee on or before appearance day "or, if thereafter, a reasonable time before the date set for trial of the cause on the non-jury docket, but not less than ten days in advance." Even though as to some aspects of the case the jury findings may be advisory only, "it has been held reversible error to fail to submit all disputed fact issues to a jury when one is timely demanded." *Jerrell v. Jerrell*, 409 S.W.2d 885, 886 (Tex.Civ.App.—San Antonio 1966, no writ).

We adopt this language, found in *W. L. Moody & Company, Bankers v. Yarbrough*, 510 S.W.2d 396, 399 (Tex.Civ.App.—Houston [1st Dist.] 1974, writ ref'd n. r. e.), as applicable to our case:

"There is no showing that a jury was not available for the week of August 20, 1973, or that a jury trial would have seriously interfered with or impeded the orderly handling of the court's docket; we must presume the demand to have been seasonably made."

The sole authority submitted by the wife in attempting to uphold the denial of the jury trial is *Lebman v. Sullivan*, 198 S.W.2d 280 (Tex.Civ.App.—San Antonio 1946, writ ref'd n. r. e.). We do not find this case to be persuasive. It is shown upon the face of the trial court's findings in *Lebman* " 'that a jury had not been demanded and a jury fee paid ten days prior to the setting of such case . . . .' " (198 S.W.2d at 281) That is *not* the fact structure of our case. Here we have a timely compliance with all conditions precedent to a jury trial.

We must look to the record to determine if there were disputed jury issues presented by the testimony for, as was stated in *Phillips v. Latham*, 551 S.W.2d 103, 105 (Tex. Civ.App.—Waco 1977, writ ref'd n. r. e.): "Denial of a jury is harmless if the facts are undisputed."

This short excerpt taken from the *wife's* brief will serve to point up one disputed issue of fact:

"There was testimony that during the marriage the parties bought a house for $11,900.00 and that its current market value was disputed. Appellee testified that its market value was $22,400.00. Appellant and an appraiser testified that the value was $18,500.00. The parties agreed that they owed $11,200.00."

The record does not reveal the value the trial judge placed upon the house; but, in his partition of the community property, he ordered the husband to pay $4,000.00 to the wife; and, if it was not all paid at one time, the balance was to be secured by a second lien on the house.

Juries are uniquely equipped to determine disputed fact issues such as the value of the house owned by the parties. The husband, having made a timely and proper demand for a trial by jury, was denied his constitutional and statutory rights by the trial court. Furthermore, we find that such denial constitutes reversible error.

The other complaints brought forward may not arise upon another trial of the cause and we forego any discussion thereof.

Reversed and Remanded.