**Maria Rosa LOPEZ, Appellant,**

v.

**Candelario LOPEZ, Appellee.**

**No. 04–84–00031–CV.**

Court of Appeals of Texas, San Antonio.

May 8, 1985.

Roberto Serna, Crystal City, for appellant.

Alberto M. Ramon, Perez, Munoz & Ramon, Inc., Eagle Pass, for appellee.

Before BUTTS, CANTU and REEVES, JJ.

CANTU, Justice.

Maria Rosa Lopez appeals from the entry of a divorce decree dissolving the marital union between her and Candelario Lopez and dividing their marital estate. The sole point of error before us relates to the trial court's action in removing the cause from the jury docket over objection and hearing the matter without intervention of a jury. No complaint is voiced over the granting of the divorce. Although no complaint is made that the final division was unfair, appellant's complaint relates entirely to the division made by the trial court of the parties' estate without jury guidance.

Thus the narrow issue before us is whether a reversal is mandated because of the trial court's refusal to permit a jury trial after proper and timely demand by one of the parties.

The record reflects that an *original petition for divorce* was filed by Candelario Lopez on March 9, 1983, alleging insupportability as grounds for divorce and praying for division of the marital estate. On March 15, 1983, Maria Rosa Lopez answered by general denial and filed her cross-action for divorce alleging insupportability and adultery as grounds for divorce. She also prayed for division of the marital estate. Neither party alleged the existence of separate property. On April 11, 1983, Candelario filed his answer to Maria Rosa's cross-action.

Thereafter followed discovery proceedings by Maria Rosa aimed at among other things discovering the nature of property in the possession of Candelario.

On May 4, 1983, an application for jury trial was filed by the attorney for Maria Rosa requesting the trial court to place the cause on the jury docket. A jury fee was timely tendered. Thereafter followed the entry of several temporary orders.

On September 14, 1983, the attorney for Candelario filed a motion entitled "Motion to Restrict Scope of Voir Dire."

On September 26, 1983, the parties appeared for a jury trial and the trial court sua sponte removed the cause from the jury docket over objection of Maria Rosa's attorney and proceeded to hear the cause as a nonjury matter.

Prior to trial, in accordance with the trial court's customary practice, counsel for both parties were asked to prepare and submit to the court anticipated special issues to be submitted to the jury. Counsel for Maria Rosa prepared a complete charge to the jury with anticipated special issues and filed it with the trial court. The record does not reflect the trial court's acknowledging receipt of the charge as submitted by Maria Rosa's attorney. However, both parties acknowledge during oral argument that the trial court determined that a jury was not required after examining the proposed special issue requests submitted on behalf of Maria Rosa. The trial court, both parties admit, concluded that no material fact issue existed by simply examining the requested special issues.

An examination of the requested special issues reveals that Maria Rosa sought to have a factual determination of what properties constituted community property of the parties and what value such properties had.

■ We note at the outset that both parties through their pleadings agreed that all property possessed by the parties belonged to the community estate. The status of the property was, therefore, not the subject matter for factual determination by the jury. Denial of a jury is harmless if the facts are undisputed. *Phillips v. Latham,* 551 S.W.2d 103, 105 (Tex.Civ.App.— Waco 1977, writ ref'd n.r.e.). As the trial before the bench was not a lengthy one, we readily discern that much of the testimony elicited from the parties consisted of conflicting evidence regarding the value of the parties' various items of community property. We agree with Maria Rosa that disputed fact issues existed. *Cf. Jones v. Jones,* 592 S.W.2d 19 (Tex.Civ.App.—Beaumont 1979, no writ).

■ Maria Rosa's jury demand and jury fee tender were made almost five months prior to the date set for trial. In fact, the cause was removed from the jury docket after having remained there until the date of trial. We hold that Maria Rosa timely and properly demanded a jury trial. *Cf. Coleman v. Saddler,* 608 S.W.2d 344 (Tex.Civ.App.—Amarillo 1980, no writ). Having timely made the demand and deposit, Maria Rosa had a right to a jury determination of disputed and undetermined factual issues on value of the various properties. TEX. CONST. art. I, § 15 and art. V, § 10; *Steenland v. Texas Commerce Bank National Association,* 648 S.W.2d 387 (Tex.App.—Tyler 1983, writ ref'd n.r.e.); *Jeter v. Associated Rack Corp.,* 607 S.W.2d 272, 277–78 (Tex.Civ.App.—Texarkana 1980), *cert. denied,* 454 U.S. 965, 102 S.Ct. 507, 70 L.Ed.2d 381 (1981).

Candelario argues that denial of a jury trial worked no harm to Maria Rosa since

in any event the jury findings would have been advisory only. Even though as to some aspects of the case the jury findings may be advisory only, it has been held reversible error to fail to submit all disputed fact issues to a jury when one is timely demanded. *Jones v. Jones, supra; Jerrell v. Jerrell*, 409 S.W.2d 885, 886 (Tex. Civ.App.—San Antonio 1966, no writ).

■ By refusing to grant a jury trial the trial court abuses its discretion unless the record reflects that: (1) granting the jury trial will operate to injure the adverse party; or (2) granting the jury trial will disrupt the court's docket or seriously interfere with and impede the ordinary handling of the court's business. *First Bankers Insurance Co. v. Lockwood*, 417 S.W.2d 738, 739 (Tex.Civ.App.—Amarillo 1967, no writ); *Aronoff v. Texas Turnpike Authority*, 299 S.W.2d 342, 344 (Tex.Civ.App.—Dallas 1957, no writ).

■ There is nothing in the record to indicate that Candelario would have been harmed by a jury trial. To the contrary, the record reflects that his attorney prepared for a jury trial and voiced no opposition to a jury trial but merely sought to restrict the scope of voir dire. At oral argument counsel for Candelario admitted that denial of a jury trial was entirely the trial court's decision. Nor is there evidence that a jury trial would have disrupted the court's docket or seriously interfered with and impeded the ordinary handling of the court's business. The trial was rather short and was concluded within a time span of two hours and forty-five minutes. A jury panel was available and the cause had been on the jury docket for approximately five months. Candelario makes no suggestion that the cause was removed from the jury docket for any reason other than that the trial court perceived no factual issue that could be raised by the evidence. On appeal Candelario characterizes a jury trial as a burden on the trial court calculated to deter the expeditious handling of court business. We reject such characterization. The right of trial by jury is a valuable right which

should be granted zealously by all the courts of this State. *Jones v. Jones, supra; Clayton v. Clayton*, 308 S.W.2d 557, 564 (Tex.Civ.App.—Texarkana 1957, no writ); *Steenland v. Texas Commerce Bank National Association, supra.*

Candelario contends that Maria Rosa should be required to show on appeal which disputed fact issue was resolved by the trial court in such a manner as to cause the rendition of an improper judgment; that she could not have been harmed by having the disputed value issues resolved by the trial court rather than by a jury and that in any event the material fact issues, if any, were determined in her favor.

It has consistently been held that reversible error occurs when a trial court denies a litigant a jury trial if he has timely and properly complied with the demand for jury and jury deposit. *Jones v. Jones, supra; Coleman v. Saddler, supra; Davis v. Kight*, 252 S.W. 227 (Tex.Civ.App.—San Antonio 1923, no writ); *Mason v. Tobin*, 408 S.W.2d 243 (Tex.Civ.App.—Houston 1966, no writ); *Meyer v. Henery*, 400 S.W.2d 933 (Tex.Civ.App.—Austin 1966, no writ); *Barker v. Kidd*, 357 S.W.2d 490 (Tex.Civ.App.—Austin 1962, no writ).

The harmless error doctrine has been applied to denial of jury trials in those cases where no judgment could have been properly rendered other than the one rendered, *Howell v. First Federal Savings & Loan Association of New Braunfels*, 383 S.W.2d 484 (Tex.Civ.App.—Austin 1964, writ ref'd n.r.e.); *Erback v. Donald*, 170 S.W.2d 289 (Tex.Civ.App.—Fort Worth 1943, writ ref'd w.o.m.); *William D. Cleveland & Sons v. Smith*, 113 S.W. 547 (Tex. Civ.App.—1908), *rev'd on other grounds*, 102 Tex. 490, 119 S.W. 843; where no fact issues to be resolved existed *Phillips v. Latham, supra;* and where the parties have waived their right to a jury either by failing to bring themselves within the prerequisites, *Gaines v. Gaines*, 677 S.W.2d 727, 731 (Tex.App.—Corpus Christi 1984, no writ); *Erback v. Donald, supra; Huddleston v. Western National Bank*, 577 S.W.2d 778 (Tex.Civ.App.—Amarillo 1979,

writ ref'd n.r.e.), or have acquiesced in the court's denial. *Berry v. American Rio Grande Land & Irrigation Co.,* 233 S.W. 781 (Tex.Civ.App.—San Antonio 1921, no writ); *Hernandez v. Light Publishing Co.,* 245 S.W.2d 553 (Tex.Civ.App.—San Antonio 1952, writ ref'd).

We have found no case that renders error harmless when the trial court denies a jury trial over objection after timely and proper demand and where fact issues exist.

We cannot perceive such action to be harmless error. Though it may be that the trial court is not bound by the jury's findings or that in any event, the same division would have been reached, still, the trial court was required to at least seek an advisory finding from the jury on the issues of act raised by the evidence. *Cf. Skop v. Skop,* 201 S.W.2d 77 (Tex.Civ.App. —Galveston 1947, no writ).

On the other hand, it has frequently been said that the mere denial of the right to trial by jury raises an inference of probable harm. *Texas & Pacific Railway Co. v. Van Zandt,* 317 S.W.2d 528 (Tex.1958); *Texas Employer Insurance Association v. McCaslin,* 317 S.W.2d 916 (Tex.1958); *Bankers Multiple Line Insurance Co. v. Gordon,* 422 S.W.2d 244 (Tex.Civ.App.— Houston [1st Dist.] 1967, no writ); *P.T. Whitlock Gas & Oil, Inc. v. Brooks,* 396 S.W.2d 922 (Tex.Civ.App.—Dallas 1965, no writ).

There is nothing in the record to refute the inference of probable harm. We are not justified in concluding that the error was harmless.

Both parties sought a divorce on grounds of insupportability. The evidence was uncontradicted that neither party favored continuation of the marital relationship. Thus, no issue existed as to grounds for divorce. That portion of the trial court's decree is, therefore, not assailed by Maria Rosa, as clearly her discontent addresses the denial of a jury trial on the only factual issues raised having to do with proper division of the estate. The portion of the judgment decreeing a divorce between the parties is therefore severed and affirmed. The re-

maining portion of the judgment relating to division of property and debts and obligations of the estate is reversed. The cause as severed and reversed is remanded to the trial court for trial and adjudication before a jury. TEX.R.CIV.P. 434.