Jerry Lee PHILLIPS, Appellant,

v.

Chari Lee PHILLIPS, Appellee.

No. 04–83–00565–CV.

Court of Appeals of Texas, San Antonio.

June 5, 1985.

Rehearing Denied July 19, 1985.

---

**62**

Eileen Flume, Flume & Flume, San Antonio, for appellant.

Abraham D. Ribak, San Antonio, for appellee.

Before BUTTS, CANTU and REEVES, JJ.

## OPINION

BUTTS, Justice.

The father, Jerry Lee Phillips, appeals from an order to pay increased child support. TEX.FAM.CODE ANN. § 14.08(a), (c)(2) (Vernon Supp.1985). The mother, Chari Lee Phillips, filed her motion to modify the support order for the divorced couple's two children. The trial court increased the child support to be paid each month by the amount of $130.00. We affirm.

The parents were divorced in March, 1979. Although they have returned to court on other matters such as visitation since the judgment of divorce, this is the only motion to modify the order of support since that time. The father argues four points of error, the first being that the trial court erred, as a matter of law, in denying him a jury trial on the motion to modify the support order. He relies upon TEX.FAM. CODE ANN. § 11.13(a) (Vernon Supp. 1985), which provides that any party in a suit affecting the parent-child relationship may demand a jury (excepting in adoption suits). Section 11.13(b) further provides:

> The court may not enter a decree that contravenes the verdict of the jury, except with respect to the issues of the specific terms and conditions of access to the child, support of the child, and the rights, privileges, duties, and powers of conservators, on which the court may submit or refuse to submit issues to the jury as the court determines appropriate, and on which issues the jury verdict, if any, is advisory only.

As noted in the *Commentary*, 13 TEX. TECH.L.REV. 869 (1982) entitled *Parent and Child*, this section was amended in 1975 and 1981, each time in an attempt to solve problems of jury issues in conservatorship suits. As proposed in a 1973 amendment, (b) provided that the jury verdict was advisory on issues of *conservator-*

*ship*, possession, support, and access to a child. However, the legislature added a clause prohibiting the court from entering a verdict that contravened a jury verdict on conservatorship issues. The purpose was to retain the limitation on the judge's power found in section 1 of former article 4639a, TEX.REV.CIV.STAT.ANN. (Vernon 1960), repealed by Acts 1973, 63rd Leg., p. 1458, ch. 543, § 3, eff. Jan. 1, 1974. Further problems arising in conservatorship suits led to a complete rewriting in 1975 and an amendment in 1981. But, we add, it is significant that not any of these problems affected the child support provisions in the statute.

The authors of the *Commentary, supra*, at 870, write that section 11.13(b) now provides that the court may not enter a decree that contravenes the verdict of the jury except with respect to the following issues: The specific terms and conditions of access to the child; the support of the child; and the rights, privileges, duties, and powers of conservators, on which issues the jury verdict, if any, is merely advisory. Their definitive use of punctuation serves as a guide.

It is thus obvious that, should there be a jury trial involving the issue of managing conservatorship, the trial court would not be bound to submit any issue on child support to that jury. If it did, that portion of the verdict would be advisory only. In that respect the law in Texas remains the same.

It has been held that a jury trial on the issue of visitation is not a matter of right. *Henderson v. Youngblood*, 512 S.W.2d 35, 36 (Tex.Civ.App.—El Paso 1974, no writ); *Walker v. Showalter*, 503 S.W.2d 624, 626–627 (Tex.Civ.App.—Houston [1st Dist.] 1973, no writ). Neither is it as to child support.

■ When the sole issue before the trial court is that of modification of child support, no jury trial on that issue is required. We hold that the trial court did not abuse its discretion in denying a jury trial under those circumstances. The fact that this trial court did not state a reason for refusing the jury trial on this sole issue does

not elevate the action to abuse of discretion. The first point of error is overruled.

■ The father next contends the trial court abused its discretion by ending the hearing arbitrarily and refusing to hear his testimony. The statement of facts consists of thirty-seven pages of detailed evidence of the financial status of both parties, including exhibits. There was lengthy direct and cross-examination of each party. When the counsel for the father began to ask about money the father spent on the children (at the time of the hearing ages 10 and 12) during visitation, there was an objection. The trial court did state at that time that they could "tell me anything you want. We've got all day long, fellows, but ... I have already made up my mind. You can go ahead and put it on the record." Further it was stated, "No, I am not going to listen to any more than you have already put on." He also cautioned the father that he did not have to make payments which were not court-ordered.

The evidence showed the father's net earnings had increased from $1700.00 per month to $2100.00. He is a professor but now does research at a cancer research treatment center. The mother works as an assistant director for a day-care center, netting the sum of $837.00 each month. The trial court ordered the father to pay an additional $130.00 each month following the hearing.

Both parties were given the opportunity in this case to present relevant evidence. *Compare Jordan v. Jordan*, 653 S.W.2d 356 (Tex.App.—San Antonio 1983, no writ). We note also that no bill of exception by the father was made; nor has he demonstrated any harm resulting from refusal to hear further testimony concerning voluntary monies spent on the children. The second point of error is overruled.

■ Points three and four question the evidence to support the order. The father states that the last order of support was entered in July, 1983, just prior to this hearing, and the evidence should be limited from that date. We have that order before

us, and it follows a motion to modify and clarify visitation privileges, wherein the father was the movant. The "child support order" stated therein is simply a restatement of the 1979 obligation of the father for child support. The agreed order sets out the same child support amount as ordered by the divorce judgment.

While it is true that section 14.08(c)(2) does provide that the order of support may be modified only if the circumstances have materially and substantially changed since the entry of the order or decree, in this instance the court could properly hear evidence of the financial condition of each party since the entry of the original order which was contained in the divorce judgment. *See Moreland v. Moreland,* 589 S.W.2d 828, 829 (Tex.Civ.App.—Dallas 1979, writ dism'd); *Bradshaw v. Billups,* 587 S.W.2d 61, 62 (Tex.Civ.App.—Eastland 1979, no writ).

■ We have reviewed the evidence heard by the trial court. The record reflects a substantial and material change in the circumstances of the children and the father since the divorce judgment was entered. The evidence is sufficient to support the order entered in this case. *Cannon v. Cannon,* 646 S.W.2d 295, 296–297 (Tex.App.—Tyler 1983, no writ). *See also Jackman v. Jackman,* 533 S.W.2d 361, 364 (Tex.Civ.App.—San Antonio 1975, no writ). The trial court did not abuse its discretion in entering the increased child support order. Points of error three and four are overruled.

The judgment is affirmed.

CANTU, Justice, dissenting.

Jerry Lee Phillips, appellant, appeals from an order entered in a suit affecting the parent-child relationship requiring him to pay increased child support.

On June 9, 1983, Chari Lee Phillips, appellee, mother of the minor children and appellant's former wife, filed a motion to modify a judgment entered on March 8, 1979. By said motion, appellee sought to have child support payments being made by appellant increased. The motion further sought to require appellant to provide either dental insurance coverage or the cost of dental care as needed by the minor children.

The motion was set for a hearing on August 1, 1983.

The record is silent as to when appellant was served with notice of the hearing, nevertheless, on June 27, 1983 appellant filed his answer to appellee's motion.

On August 31, 1983, a hearing was held before the trial court without intervention of a jury. Appeal is from the order entered at this hearing.

Appellant initially complains about the trial court's adamant refusal to grant him a trial by jury on the pending motion.

There is nothing in the transcript indicating when a jury demand was made or when the jury fee was tendered. Appellant asserts that the request was timely made and appellee does not take issue with this statement. This statement may be accepted as factually correct. TEX.R.CIV.P. 419. The order appealed from recites that a jury was not waived but rather was denied. This is consistent with appellant's position that compliance was had with TEX.R.CIV.P. 216. The statement of facts further reflects that denial of a jury was not predicated upon failure to timely make a jury demand under Rule 216. It is evident from a reading of the trial court's oral ruling that denial was made entirely upon the trial court's belief that a party to a motion seeking child support increase is not entitled to a jury trial.[1] Appellant has properly preserved the issue for review.

Appellee's position is that a jury's decision on the issue of child support is not binding upon the trial court but is advisory only, thus the trial court is not bound to submit the issue even where a jury trial is had. This argument is founded upon appel-

---

1. "The Court: I rule that you are not entitled to a jury trial in your [sic] motion to increase child support." The motion was, of course, filed by appellee and not by appellant.

lee's interpretation of TEX.FAM.CODE § 11.13(b) (Vernon 1975).

Section 11.13, presently reads:

(a) In a suit affecting the parent-child relationship, except a suit in which adoption is sought, any party may demand a jury trial.

(b) The court may not enter a decree that contravenes the verdict of the jury, except with respect to the issues of the specific terms and conditions of access to the child, support of the child and the rights, privileges, duties, and powers of conservators, on which the court may submit or refuse to submit issues to the jury as the court determines appropriate, and on which issues the jury verdict if any, is advisory only.

Amended by Acts 1975, 64th Leg., p. 1259, ch. 476, § 17, eff. Sept. 1, 1975; Acts 1981, 67th Leg., p. 3187, ch. 833, § 1, eff. Sept. 1, 1981.

Prior to amendment in 1975, section 11.-13 provided:

(a) In a suit affecting the parent-child relationship, except a suit in which adoption is sought, any party may demand a jury trial.

(b) The verdict of the jury is binding on the court except with respect to the issues of managing conservatorship, possession, and support of and access to a child, on which the verdict is advisory only, provided, however, the court may not enter a decree that contravenes the verdict of the jury on the issues of managing conservatorship, possession of, or access to a child.

The precursor to section 11.13 provided in pertinent part:

... In any hearing held in this State concerning the custody of a child, whether pursuant to a divorce cause or not, any party to the hearing may, upon assumption of jury costs demand a jury to determine custody of the child, and the judgment of the court must conform to that determination.

TEX.CIV.STAT.ANN. art. 4639a, as amended Acts 1961, 57th Leg., p. 663, ch. 305, § 1, eff. June 14, 1961, repealed by Acts 1973, 63rd Leg., p. 1458, ch. 543, § 3, eff. Jan. 1, 1974.[2]

Although earlier opinions interpreted article 4639a as providing for jury verdicts to be advisory only (*see for example Winzer v. Winzer*, 317 S.W.2d 810 (Tex.Civ.App.—Beaumont 1958, no writ)), since the 1961 amendment the courts have uniformly held that the legislature intended by the amendment that instead of permitting the jury finding to be advisory, as it was prior to the amendment, that such jury finding would be binding upon the court but only when supported by the evidence as in any other civil action where the parties have a right of trial by a jury. *See In re Y*, 516 S.W.2d 199 (Tex.Civ.App.—Corpus Christi 1974, writ ref'd n.r.e.) and cases cited therein. *See also Lebowitz v. Lebowitz*, 403 S.W.2d 871 (Tex.Civ.App.—Corpus Christi 1966, no writ).

Section 11.13(b), as it existed prior to amendments in 1975 and 1981, was interpreted to mean that the verdict of a jury was to be binding upon the trial court and not merely advisory on issues of managing conservatorship, possession of, or access to a child, in spite of contradictory language in the statute. *See In re Y, supra*, at 205.

Significantly, the savings clause beginning with, "provided, however ..." did not attempt to include the issue of support along with managing conservatorship, possession of and access to the child.

Section 11.13(b), as presently amended, now includes the issue of support of the child along with access to the child and conservatorship as issues which are binding upon the trial court when findings are

---

**2.** *See also* TEX.REV.CIV.STAT.ANN. art 2337 which read:

Any person interested in any such case may appear therein and may be represented by counsel, and may demand a jury as in other cases. If no jury is demanded, it shall be deemed waived. The judge of the Court, of his own motion may order the jury to try such case.

Repealed by Acts 1973, 63rd Leg., p. 1458, ch. 543, § 3, eff. Jan. 1, 1974.

made by a jury except as to specific terms and conditions of each. Thus the scheme created by the legislature continues as a limitation on the judges' power as in prior enactments with the exception that a trial court is not bound by jury findings on the details and specifics of how access to the child, support of the child and conservatorship are to be carried out.

The trial court is now given the option of submitting or refusing to submit jury issues on the *specific terms and conditions* to be imposed in cases of support of the child, access to the child and conservatorship and if the court elects to submit such issues may treat the jury findings as advisory only.

In all the statutes referred to above pertaining to jury trials in domestic relation cases, it is noted that the valuable right of trial by jury has always been preserved. I cannot believe the legislature intended to cause erosion of that right by placing limitations upon the powers of the trial court.

I would hold that a litigant's right to a jury trial remains inviolate and reversible error occurs if fact issues exist to be resolved and a timely and proper jury demand and fee tender is made. *Coleman v. Sadler*, 608 S.W.2d 344 (Tex.Civ.App.— Amarillo 1980, no writ); *Jones v. Jones*, 592 S.W.2d 19 (Tex.Civ.App.—Beaumont 1979, no writ); *Davis v. Kight*, 252 S.W. 227 (Tex.Civ.App.—San Antonio 1923, no writ).

The instant suit was brought for the purpose of increasing child support and thus is a suit affecting the parent-child relationship. TEX.FAM.CODE § 11.01(5); *Rogers v. Rogers*, 536 S.W.2d 442 (Tex.Civ. App.—Houston [14th Dist.] 1976, no writ).

A change in child support payments is accomplished through modification of an existing prior order and is done by filing a motion requesting the court to modify its former order. TEX.FAM.CODE § 14.08(a).

The motion must allege that the circumstances of the child have materially and substantially changed since the entry of the order sought to be modified and set forth the alleged circumstances.

A change in support payments can be made only if findings are made that the circumstances of the child have materially and substantially changed and that modification is in the best interest of the child.

These findings require the determination of factual issues as does the question of ability to pay. *Cf. Thompson v. Uzzell*, 541 S.W.2d 499 (Tex.Civ.App.—Tyler 1976, no writ); *Becerra v. Garibaldo*, 526 S.W.2d 780 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n.r.e.).

Denial of a jury is, however, harmless if the facts are undisputed. *Phillips v. Latham*, 551 S.W.2d 103, 105 (Tex.Civ.App.— Waco 1977, writ ref'd n.r.e.). Moreover, the trial court would have abused its discretion if it had refused to increase support where the evidence was undisputed that a material change of circumstances had occurred from the date of the original order setting child support and the date on which the motion to increase support was filed. *Moreland v. Moreland*, 589 S.W.2d 828 (Tex.Civ.App.—Dallas 1979, writ dism'd).

But in the instant case the evidence was disputed that a material change had occurred. Having timely made the demand and deposit, appellant had a right to a jury determination of disputed and undetermined factual issues. TEX.CONST. art. I, § 15 and art. V, § 10; *Steenland v. Texas Commerce Bank National Association*, 648 S.W.2d 387 (Tex.App.—Tyler 1983, writ ref'd n.r.e.); *Jeter v. Associated Rack Corp.*, 607 S.W.2d 272, 277–78 (Tex. Civ.App.—Texarkana 1980), *cert. denied*, 454 U.S. 965, 102 S.Ct. 507, 70 L.Ed.2d 381 (1981).

The mere denial of the right to trial by jury raises an inference of probable harm. *Texas & Pacific Railway Co. v. Van Zandt*, 159 Tex. 178, 317 S.W.2d 528 (1958); *Texas Employers Insurance Association v. McCaslin*, 159 Tex. 273, 317 S.W.2d 916 (1958); *Harris v. Harris*, 679 S.W.2d 75 (Tex.App.—Dallas 1984, writ dism'd); *Bankers Multiple Line Insurance Co. v. Gordon*, 422 S.W.2d 244 (Tex.Civ.App.—

Houston [1st Dist.] 1967, no writ); *P.T. Whitlock Gas & Oil, Inc. v. Brooks,* 396 S.W.2d 922 (Tex.Civ.App.—Dallas 1965, no writ).

Even if the jury determinations were deemed advisory only, failure to grant a jury trial when entitlement has been shown and fact issues exist cannot be considered harmless error. The trial court is, nevertheless, required to seek an advisory finding from the jury on the issues raised by the evidence. *Cf. Skop v. Skop,* 201 S.W.2d 77 (Tex.Civ.App.—Galveston 1947, no writ). All factual issues do not require jury determination since clearly section 11.-13(b) excludes those matters addressing specific terms and conditions relating to the matter sought to be litigated; in this case support.

I would adhere to the duty of this court in safeguarding the valuable right to trial by jury by sustaining appellant's first point of error.

I further disagree with the majority that the trial court did not abuse its discretion by ending the hearing arbitrarily and refusing to hear his side of the case.

The record reflects that the trial court had made up its mind and had announced so to the parties even before appellee's phase of the case was completed, hardly indicative of impartiality and probably a violation of TEX.R.CIV.P. 262, 265, *Producer's Construction Co. v. Muegge,* 669 S.W.2d 717 (Tex.1984); *Jordan v. Jordan,* 653 S.W.2d 356 (Tex.App.—San Antonio 1983, no writ); *Tobola v. State,* 538 S.W.2d 868 (Tex.Civ.App.—Houston [14th Dist.], 1976, no writ); *Turcotte v. Trevino,* 499 S.W.2d 705 (Tex.Civ.App.—Corpus Christi 1973, writ ref'd n.r.e.); *Oertel v. Gulf States Abrasive Manufacturing, Inc.,* 429 S.W.2d 623 (Tex.Civ.App.—Houston [1st Dist.] 1968, no writ); *Gibson v. Shaver,* 434 S.W.2d 462 (Tex.Civ.App.—Tyler 1968, no writ).

The act of the trial court in denying appellant a jury trial and in additionally refusing him the right to present his case reflects the same unabashed attitude exhibited recently in *Jordan v. Jordan, supra.*

Consider the following excerpt:

THE COURT: Go ahead. Tell me anything you want. We've got all day long, fellows, but I am telling you right now that I have already made up my mind. You can go ahead and put it on the record.

MS. FLUME: Are you saying that you are not going to listen to anything else we put on, your Honor?

THE COURT: No, I am not going to listen to anymore than you have already put on. I am raising his support $65.00 per child per month. He doesn't have to make these payments. If that's the way he wants it, fine. He doesn't have to make those payments. You don't have to pay the life insurance or dental insurance.

A: Some of that life insurance is on myself.

THE COURT: Pay yours.

A: Are you telling me to drop the life insurance on myself.

THE COURT: No, I'm not telling you that. You don't have to drop it on yourself, but you don't have to carry it on the children. I don't care how you do it.

A: Their life insurance amounts to above $20.00 a month per child.

THE COURT: I understand that. Your [sic] can certainly pay for it.

MR. RIBAK: Thank you, your Honor. We will bring in an Order.

MS. FLUME: Your Honor, I would just like to have it on the record that you refused to listen to any other testimony.

THE COURT: That's what I said. I refused to listen. Do you want me to say it again? I refused to listen to it. What do you want to do, badger the court? You know, I have been here twenty years listening to all this stuff. Don't you think I have a pretty good idea of whether child support should be increased or decreased?

MS. FLUME: Every case is different.

**68**

THE COURT: It is, but you haven't shown me anything that's different about this one.

At the time the trial court expressed the foregoing attitude appellee had not yet rested her case-in-chief and appellant, who was called as an adverse witness by appellee, was not yet through testifying on cross-examination. It was during an attempt to answer the last question posed by counsel that the trial court disclosed its predisposed attitude.

It is immaterial that the majority finds thirty-seven pages of testimony sufficient since the record discloses less than five pages containing what might be termed defensive testimony although in reality such testimony merely responded to some of the appellee's evidence and did not yet reach the merits of appellant's defenses to appellee's petition.

Clearly, refusal to hear further defensive evidence constitutes an abuse of discretion and should be labelled such. *Cf. Jordan v. Jordan, supra,* (where the evidence was cut off in precisely the same manner.) I would sustain appellant's second point of error as well.

While I have strong reservations about the evidence supporting a finding of substantial and material change in the circumstances of the children and the father, I do not feel it necessary to address these contentions inasmuch as the upholding of either of appellant's first two points requires a reversal and remand. I would reverse and remand without hesitation under either or both of the contentions.